SQUIRE, SANDERS & DEMPSEY L.L.P.
Stephen D. Lerner (SL - 7598)
Tim J. Robinson (OH 0046668)
Nicholas J. Brannick (OH 0079642)
1095 Avenue of the Americas, 31st Floor
New York, New York 10036
Phone:  212.872.9800
Fax:  212.872.9815

*Counsel for the Debtor and Debtor-in-Possession*

COHEN TAUBER SPIEVACK & WAGNER P.C.
Joseph M. Vann (JV-7601)
Robert A. Boghosian  (RB-5822)
Ira R. Abel (IA-1869)
420 Lexington Avenue, 24th Floor
New York, New York 10170
Phone:  (212) 586-5800
Fax:  (212) 586-5095

*Counsel to the Official Committee of Unsecured Creditors of Eos Airlines, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                            :
**In re:**                                                  :
                                                            :  **CHAPTER 11**
**EOS AIRLINES, INC.**                                      :
                                                            :  **CASE NO. 08-22581 (ASH)**
**Debtor**                                                  :
                                                            :
-------------------------------------------------------------X

**JOINT PLAN OF LIQUIDATION OF EOS AIRLINES, INC. UNDER**
**CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE**
**DECEMBER 18, 2009**

| SQUIRE, SANDERS & DEMPSEY L.L.P. | COHEN TAUBER SPIEVACK & WAGNER P.C. |
|---|---|
| /s/ Tim J. Robinson<br>Stephen D. Lerner (SL - 7598)<br>Tim J. Robinson (OH 0046668)<br>Nicholas J. Brannick (OH 0079642)<br>1095 Avenue of the Americas, 31st Floor<br>New York, New York 10036<br>Phone:  212.872.9800<br>Fax:  212.872.9815<br><br>*Counsel for the Debtor and Debtor-in-Possession* | /s/  Joseph M. Vann<br>Joseph M. Vann (JV-7601)<br>Robert A. Boghosian  (RB-5822)<br>Ira R. Abel (IA-1869)<br>420 Lexington Avenue, 24th Floor<br>New York, New York 10170<br>Phone:  (212) 586-5800<br>Fax:  (212) 586-5095<br><br>*Counsel to the Official Committee of Unsecured Creditors of Eos Airlines, Inc.* |

# TABLE OF CONTENTS

**Page**

SECTION 1    DEFINITIONS AND RULES OF INTERPRETATION ............................... 1

SECTION 2    TREATMENT OF UNCLASSIFIED CLAIMS........................................... 11

2.1   Unclassified Claims ..................................................................... 11

2.2   Payment of Administrative Claims and Professional Fee Claims ...................... 12

2.3   Payment of Allowed Priority Unsecured Tax Claims........................................ 12

2.4   U.S. Trustee Fees ....................................................................... 12

2.5   Administrative Claim Bar Date ..................................................... 12

2.6   Professional Fee Claims Bar Date ................................................ 12

2.7   Post-Effective Date Professional Fees ................................................. 12

SECTION 3    CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS ................. 12

3.1   Summary of Classification........................................................... 12

3.2   Specific Classification ................................................................. 13

SECTION 4    TREATMENT OF CLAIMS AND EQUITY INTERESTS; IMPAIRMENT ...................................................................... 14

4.1   Class 1 – Secured Claims............................................................. 14

4.2   Class 2 – Allowed Priority Non-Tax Claims ....................................... 15

4.3   Class 3 – Allowed Unsecured WARN Act Claims............................ 15

4.4   Class 4 – General Unsecured Claims............................................. 15

4.5   Class 5 – Equity Interests and Equity Related Claims........................ 16

SECTION 5    IMPLEMENTATION OF THE PLAN ...................................................... 16

5.1   Selection of the Liquidating Trustee................................................ 16

5.2   Dissolution of the Committee ...................................................... 16

5.3   Execution and Ratification of the Trust Agreement .......................... 16

5.4   Creation of Trust ........................................................................ 16

5.5   Transfer of Trust Assets............................................................... 17

5.6   Implementation of the Trust; Binding Nature of Plan and Trust ......... 17

5.7   Powers and Duties of the Liquidating Trustee................................. 17

5.8   Execution of Documents............................................................. 17

5.9   Surrender of Instruments............................................................. 17

i

| | | |
|---|---|---|
| 5.10 | Section 1145 Determination | 17 |
| 5.11 | Settlement and Compromise | 18 |
| SECTION 6 | EXECUTORY CONTRACTS AND UNEXPIRED LEASES | 18 |
| 6.1 | Executory Contracts and Unexpired Leases | 18 |
| 6.2 | Rejection Damage Claim Bar Date | 18 |
| SECTION 7 | OBJECTIONS TO CLAIMS | 18 |
| 7.1 | Pre-Confirmation Objections | 18 |
| 7.2 | Claim Objection Deadline | 18 |
| 7.3 | Disputed Claims | 18 |
| 7.4 | Prosecution of Objections | 18 |
| SECTION 8 | | 19 |
| 8.1 | Conditions To Confirmation | 19 |
| 8.2 | Conditions To Effectiveness | 19 |
| 8.3 | Waiver Of Conditions | 19 |
| 8.4 | Notice of Effective Date | 19 |
| SECTION 9 | NON-ALLOWANCE OF PENALTIES AND FINES | 20 |
| SECTION 10 | TITLE TO PROPERTY; RELEASE; INJUNCTION | 20 |
| 10.1 | Vesting of Assets | 20 |
| 10.2 | Satisfaction and Release of all Claims | 20 |
| 10.3 | Injunction | 20 |
| 10.4 | Exculpation | 21 |
| 10.5 | Governmental Unit Claims Against Non-Debtor Parties | 21 |
| 10.6 | Retention of Causes of Action and Reservation of Rights | 22 |
| 10.7 | Preservation Of Insurance | 22 |
| SECTION 11 | EVENTS OF DEFAULT | 22 |
| 11.1 | Events of Default | 22 |
| 11.2 | Remedies on Default | 22 |
| SECTION 12 | RETENTION OF JURISDICTION | 23 |
| 12.1 | Jurisdiction | 23 |
| 12.2 | Failure of Bankruptcy Court to Exercise Jurisdiction | 24 |

# TABLE OF CONTENTS
### (continued)

**Page**

SECTION 13        AMENDMENT AND WITHDRAWAL OF PLAN ..................................... 25

    13.1    Amendment of this Plan ............................................................................. 25

    13.2    Revocation or Withdrawal of this Plan .................................................... 25

SECTION 14        ACCEPTANCE OR REJECTION OF THE PLAN ..................................... 25

    14.1    Impaired Classes to Vote .......................................................................... 25

    14.2    Acceptance by Class of Creditors ............................................................. 25

    14.3    Cramdown .................................................................................................. 25

SECTION 15        MISCELLANEOUS ................................................................................ 26

    15.1    Binding Effect ........................................................................................... 26

    15.2    Dissolution of the Debtor .......................................................................... 26

    15.3    Recognition of Subordination Rights ........................................................ 26

    15.4    Governing Law .......................................................................................... 26

    15.5    Setoffs ....................................................................................................... 26

    15.6    Notices ...................................................................................................... 26

    15.7    Delivery Of Notices .................................................................................. 27

    15.8    Severability ............................................................................................... 27

    15.9    No Attorneys' Fees ................................................................................... 27

    15.10    No Interest ............................................................................................... 28

    15.11    Recipient of Distributions ....................................................................... 28

    15.12    Delivery of Distributions ......................................................................... 28

    15.13    Unclaimed Funds .................................................................................... 28

    15.14    De Minimis Distributions ....................................................................... 28

    15.15    Means of Payment................................................................................... 28

    15.16    Withholding and Reporting Requirements .............................................. 28

    15.17    Exemption from Taxes ............................................................................. 29

Eos Airlines, Inc., the debtor and debtor-in-possession in the above-captioned Chapter 11 case ("**Debtor**") and the Official Committee of Unsecured Creditors of Eos Airlines, Inc. (the "**Committee**"), propose the following joint plan of liquidation (the "**Plan**") for the resolution of Claims against and Equity Interests in the Debtor. All creditors and other parties-in-interest should refer to the Disclosure Statement for a discussion of the Debtor's history, business, properties, results of operations, events leading up to the Chapter 11 Case, financial projections for Creditor recoveries, and for a summary and analysis of this Plan and certain related matters.

All holders of Claims against, and Equity Interests in, the Debtor are strongly encouraged to read this Plan, the Disclosure Statement and the related solicitation materials in their entirety before voting to accept or reject this Plan.

Subject to the restrictions on modifications set forth in Section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, and the restrictions on modifications set forth in Section 13 of this Plan, the Debtor expressly reserves the right to alter, amend, or modify this Plan one or more times before its substantial consummation.

NO SOLICITATION MATERIALS, OTHER THAN THE DISCLOSURE STATEMENT AND RELATED MATERIALS TRANSMITTED THEREWITH AND APPROVED BY THE BANKRUPTCY COURT, HAVE BEEN AUTHORIZED BY THE BANKRUPTCY COURT FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.

## SECTION 1
## DEFINITIONS AND RULES OF INTERPRETATION

For purposes of this Plan, (i) any reference in this Plan to an existing document or exhibit filed or to be filed means that document or exhibit as it may have been or may be amended, supplemented, or otherwise modified after such filing; (ii) unless otherwise specified, all references in this Plan to sections, articles, and exhibits are references to sections, articles, or exhibits of this Plan; (iii) any and all exhibits annexed to the Plan or to the Disclosure statement are incorporated into and made a part of this Plan as if set forth in full herein; (iv) the words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to this Plan in its entirety and not to any particular portion of this Plan; (v) captions and headings contained in this Plan are inserted for convenience and reference only, and are not intended to be part of or to affect the interpretation of this Plan; (vi) wherever appropriate from the context, each term stated in either the singular or the plural includes the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter gender; and (vii) the rules of construction outlined in Section 102 of the Bankruptcy Code and in the Bankruptcy Rules apply to this Plan. To the extent there are any inconsistencies between the terms of this Plan and the Disclosure Statement, the terms of this Plan shall govern.

As used in this Plan, the following terms have the meanings specified below:

**Administrative Claim.** A Claim, cause of action, right, or other liability, or the portion thereof, that is allowable under Section 503(b) of the Bankruptcy Code and entitled to priority under Section 507(a)(2) of the Bankruptcy Code, including, without limitation: (a) fees payable

under 28 U.S.C. § 1930; (b) actual and necessary costs and expenses incurred after the Petition Date and in the ordinary course of the Debtor's business; (c) actual and necessary costs and expenses of preserving the Estate or administering the Chapter 11 Case; (d) all Claims for Professional Fees; (e) other Claims approved as Administrative Claims as ordered by the Bankruptcy Court and (f) the Allowed WARN Act Administrative Claim.

**Administrative Claim Bar Date.** The deadline set forth in Section 2.5 of this Plan for the filing of Administrative Claims, *except* Claims for Professional Fees.

**Administrative Expense Reserve.** The reserve of the Debtor's Cash to be established by the Liquidating Trustee prior to making any Distributions to provide for the payment of Allowed Administrative Claims.

**Affiliate.** Any Person within the definition set forth in Section 101(2) of the Bankruptcy Code.

**Allowance Date.** With respect to (a) a Disputed Claim, the date on which such Disputed Claim becomes an Allowed Claim by Final Order; (b) a Claim Allowed by Final Order, the date on which such Claim becomes an Allowed Claim under the Final Order; and (c) notwithstanding Sections 501(a), 502(a) and 1111(a) of the Bankruptcy Code, any other Claim that is not a Disputed Claim, the date that is 60 days after the Effective Date.

**Allowed Claim or Allowed Equity Interest.** With respect to any Claim against, or Equity Interest in, the Debtor: (a) proof of which, requests for payment of which, or application for allowance of which, was filed or deemed filed on or before the Bar Date, Administrative Claim Bar Date, the Professional Fee Bar Date or the Rejection Damage Bar Date, as applicable, for filing proofs of claim or equity interest or requests for payment for Claims of such type against the Debtor; (b) if no proof of claim or equity interest is filed, which is at the time of allowance listed by the Debtor in the Schedules as liquidated in amount and not disputed or contingent; or (c) a Claim or Equity Interest that is allowed pursuant to the terms of this Plan, provided however, that in the case of (a), (b) or (c), no objection to its allowance has been interposed within the applicable period of limitation fixed by this Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court. If a Claim becomes Allowed by virtue of an Order of the Bankruptcy Court, it shall be deemed Allowed upon the order becoming a Final Order. For purposes of determining the amount of an Allowed Claim (other than a Claim specifically allowed under this Plan), there shall be deducted therefrom an amount equal to the amount of any claim or debt that the Debtor may hold against the Creditor whether under Sections 502 or 553 of the Bankruptcy Code or otherwise.

**Allowed  […] Claim.** An Allowed Claim in the particular Class or category specified.

**Allowed Class 5 Equity Interest.** An Allowed Equity Interest in Class 5 of this Plan.

**Allowed WARN Act Administrative Claim**. An Administrative Claim under Section 503(b)(1) of the Bankruptcy Code in the amount of $350,000 arising pursuant to the terms of the WARN Act Settlement Agreement and payable pursuant to the terms thereof.

**Allowed Unsecured WARN Act Claim**.  A Claim against the Debtor's estate arising pursuant to the WARN Act Settlement Agreement entitling the WARN Act Class to 35.5% of all funds available for Distribution to holders of Allowed Class 4 General Unsecured Claims.

**Available Cash**.  Trust Cash less (i) any Cash held in Trust Reserves; and (ii) amounts distributable to holders of Allowed Class 3 Unsecured WARN Act Claims pursuant to the terms of the WARN Act Settlement Agreement.

**Avoidance Actions.**  All statutory causes of action preserved for the Estate under Sections 506, 510, 542, 543, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code.

**Ballot.**  The form of ballot or ballots approved by the Bankruptcy Court and distributed with the Disclosure Statement to holders of Claims entitled to vote on this Plan on which an acceptance or rejection of this Plan is to be indicated.

**Bankruptcy Code.**  Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as existing on the Petition Date and as amended thereafter to the extent the enactment of such amendments makes such amendments applicable to the Chapter 11 Case.

**Bankruptcy Court.**  The United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case or, in the event that court ceases to exercise jurisdiction over the Chapter 11 Case, such court that may have jurisdiction over the reorganization of the Debtor under chapter 11 of the Bankruptcy Code.

**Bankruptcy Rules.**  Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case.

**Bar Date.**  The date or dates fixed by the Bankruptcy Court by which Persons asserting a Claim against the Debtor (*except* Administrative Claims, Claims for Professional Fees or Rejection Damage Claims arising after the Confirmation Date) must file a proof of claim or be forever barred from asserting a Claim against the Debtor or any Estate Property, from voting on this Plan, and sharing in Distributions under this Plan.  The Bar Dates for non-governmental Claims was July 28, 2008, and, with respect to certain enumerated Claims set forth in a Final Order of the Bankruptcy Court, November 7, 2008.  The Bar Date for Claims of Governmental Units was October 23, 2008.

**Beneficial Interest.**  A beneficial interest in the Trust Assets that shall be allocated to each Beneficiary entitled to Distributions from the Trust pursuant to this Plan and  the Trust Agreement.

**Beneficiary.**  A Person holding a Beneficial Interest under the Trust.

**Business Day.**  Any day other than a Saturday, Sunday, or legal holiday, as defined in Bankruptcy Rule 9006(a).

**Cash.**  Legal tender of the United States of America and equivalents thereof, including readily marketable direct obligations of the United States of America, certificates of deposit

issued by a federally insured bank, money market accounts of federally insured banks, currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately available funds.

**Cause of Action.** Any and all claims, debts, demands, rights, defenses, actions, causes of action, suits, contracts, rights of action, choses in action, controversies, agreements, obligations, accounts, defenses, offsets, powers, privileges, provisions, rights to legal or equitable remedies and rights to payment, licenses and franchises of any kind or character whatsoever, known or unknown, suspected or unsuspected, reduced to judgment, liquidated, fixed, contingent, matured, disputed, secured or unsecured, whether arising before, on, or after the Petition Date, in contract or in tort, at law or in equity, or under any other theory of law, of the Debtor or its Estate, including (a) rights of setoff, counterclaim, or recoupment, and claims on contracts or for breaches of duties imposed by law, (b) claims pursuant to Section 362 of the Bankruptcy Code, (c) such claims and defenses as fraud, mistake, duress, and usury, and (d) all Avoidance Actions.

**Chapter 11 Activities**. Is defined in Section 10.4 of this Plan.

**Chapter 11 Case**. The case under chapter 11 of the Bankruptcy Code in which Debtor is debtor and debtor-in-possession, pending before the Bankruptcy Court, bearing case number 08-22581.

**Claim.** A claim, as defined in Section 101(5) of the Bankruptcy Code, against a Person or its property including, without limitation: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date and (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**Claims Agent**. Kurtzman Carson Consultants, L.L.C.

**Claim Objection**. An objection to any Claim or Equity Interest pursuant to Section 502 of the Bankruptcy Code or otherwise.

**Class.** A category of holders of Claims or Equity Interests which are substantially similar in nature to the Claims or Equity Interests of other holders placed in such category, as designated in Section 3 of this Plan.

**Class 4 Beneficial Interest.** Any Beneficial Interest to be allocated to holders of Allowed Class 4 General Unsecured Claims pursuant to the Trust Agreement.

**Collateral.** Any property or interest in property of the Estate subject to a Lien to secure the payment or performance of a Claim, to the extent such Lien is not subject to avoidance under the Bankruptcy Code, disallowance under Section 506 of the Bankruptcy Code, void, invalid or unenforceable under the Bankruptcy Code or applicable state law, or subject to the costs or expenses of preservation under Section 506(c) of the Bankruptcy Code.

**Committee.**  The Official Committee of Unsecured Creditors, appointed by the United States Trustee in the Chapter 11 Case in accordance with Section 1102(a)(1) of the Bankruptcy Code, as may be reconstituted from time to time.

**Committee Member**.  Any current or former member of the Committee.

**Confirmation Date.**  The date on which the Bankruptcy Court enters the Confirmation Order on the Chapter 11 Case docket maintained by the Bankruptcy Court pursuant to Bankruptcy Rules 5003 and 9021.

**Confirmation Hearing.**  The hearing held by the Bankruptcy Court to consider confirmation of this Plan under Section 1129 of the Bankruptcy Code, as such hearing may be adjourned from time to time.

**Confirmation Order.**  The order of the Bankruptcy Court confirming this Plan in accordance with the Bankruptcy Code.

**Contingent Claim.**  Any Claim (a) that was listed by the Debtor in the Schedules as unliquidated or contingent and for which no proof of claim was filed in the Chapter 11 Case or (b) for which a proof of claim has been filed with the Bankruptcy Court that: (i) was not filed in a sum certain, or that has not accrued and is dependent on a future event that has not occurred and may never occur, and (ii) has not been allowed on or before the Effective Date, or such other date as the Bankruptcy Court may establish.

**Creditor.**  Any Person within the definition in Section 101(10) of the Bankruptcy Code.

**D&O Policy.**  Any directors and officers liability insurance policy or any errors and omissions policy applicable to current or former directors and officers of Debtor.

**Debtor.**  Eos Airlines, Inc., as debtor and debtor-in-possession in the Chapter 11 Case, in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

**Debtor's Cash**.  All of the Cash of the Debtor as of the Effective Date.

**Disclosure Statement.**  The written disclosure statement relating to this Plan including, without limitation, all exhibits and schedules to such disclosure statement, in the form approved by the Bankruptcy Court under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017.

**Disclosure Statement Approval Order**.  The Final Order of the Bankruptcy Court pursuant to Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017 approving the Disclosure Statement.

**Disputed Claim or Disputed Equity Interest.**  Any Claim or Equity Interest:  (a) that is listed in the Schedules as unliquidated, disputed, or contingent, irrespective of the amount scheduled and for which no proof of Claim or proof of Equity Interest has been filed with the Bankruptcy Court; (b) every Claim, or part thereof, proof of which has been filed with the Bankruptcy Court and as to which (i) an objection to the allowance thereof, (ii) a request for estimation thereof, (iii) a request for equitable subordination or recharacterization thereof or (iv)

a request to otherwise limit recovery in accordance with the Bankruptcy Code and the Bankruptcy Rules, has been or is interposed and which objection has not been withdrawn, settled or determined by a Final Order of the Bankruptcy Court; (c) that is a Contingent Claim; or (d) with respect to an Administrative Claim, as to which an objection has been or is filed in accordance with this Plan, the Bankruptcy Code, or the Bankruptcy Rules, which objection has not been withdrawn or determined by a Final Order.  For the purposes of this Plan, a Claim or Equity Interest is a Disputed Claim or Disputed Equity Interest prior to any objection to the extent that (i) the amount of a Claim or Equity Interest specified in a proof of claim or proof of interest exceeds the amount of any corresponding Claim or Equity Interest scheduled by the Debtor in the Schedules or (ii) no corresponding Claim or Equity Interest has been scheduled by the Debtor in the Schedules.

**Disputed Claim Reserve**.  A reserve account established within the Trust and funded with Trust Cash to satisfy in full any Disputed Claim or Disputed Administrative Claim  or to pay the Pro Rata portion of any Distribution to which the holder of a Disputed Claim or Disputed Administrative Claim would be entitled if such Disputed Claim or Disputed Administrative Claim were an Allowed Claim or Allowed Administrative Claim.

**Disputed […] Claim.**  A Disputed Claim in the particular Class or category specified.

**Distribution**.  A distribution of Available Cash or non-Cash consideration to the Beneficiaries under the Trust Agreement.

**Distribution Date.**  The date or dates on which the Liquidating Trustee makes a Distribution to the holders of Unclassified Claims, Allowed Class 1, Class 2, or Class 3 Claims or the holders of Beneficial Interests in the Trust. Except as otherwise set forth in the Trust Agreement, a Distribution Date shall occur not more than once each calendar quarter and not less than once every six (6) months, unless otherwise agreed to by the Oversight Committee, but in any event, not less than once per year on each anniversary date of the Initial Distribution Date.

**Distribution Record Date.**  The Effective Date.

**Effective Date**.  The later of: (a) the first Business Day following the tenth day (as calculated under Bankruptcy Rule 9006(a)) after the Confirmation Date and on which no stay of the Confirmation Order is in effect and (b) the Business Day on which all of the conditions to effectiveness set forth in this Plan have been satisfied or waived in writing as provided in this Plan to the satisfaction of the Committee.

**Equity Interest.**  Any issued, unissued, authorized or outstanding capital stock, and any other equity security (as defined in Section 101(16) of the Bankruptcy Code) in the Debtor and any and all (i) shares, (ii) securities, options, warrants, rights, calls, subscriptions, agreements, commitments or understandings of any nature whatsoever, fixed or contingent, that directly or indirectly (A) call for the issuance, redemption, sale, pledge or other disposition of any shares of capital stock of the Debtor, (B) obligate the Debtor to grant, offer or enter into any of the foregoing or (C) relate to the voting or control of such capital stock, securities or rights, and (iii) "phantom stock", stock appreciation rights or other similar rights, the value of which is related to or based upon the price or value of any class or series of capital stock of the Debtor.

**Equity Related Claim**.  Any Claim arising from the rescission of a purchase or sale of an Equity Interest, or for damages arising from the purchase or sale of an Equity Interest, or any Claim by any Person that asserts equitable or contractual rights of reimbursement, contribution, or indemnification arising from such Claim, including any Claim that has been or may be asserted against the Debtor and their officers and/or directors asserting violations of federal securities laws including, without limitation, actions under Sections 11 and 15 of the Securities Act and Sections 10(b) and 20 of the Exchange Act, and Rule 10b-5 promulgated under the Exchange Act by the SEC, and any applicable non-federal law.

**Estate.**  The bankruptcy estate of the Debtor and all Estate Property comprising the bankruptcy estate within the meaning of Section 541 of the Bankruptcy Code, including, without limitation, all Causes of Action and all proceeds of the foregoing (including, without limitation, "proceeds" as defined in the Uniform Commercial Code).

**Estate Cash.**  All Cash held by the Debtor as of the Effective Date, wherever located.

**Estate Property.**  All right, title, and interest in and to any and all property of every kind or nature owned and wherever located by the Debtor or comprising its Estate on the Effective Date, including, without limitation, all rights to recover property or Cash through Causes of Action or otherwise.

**Exchange Act.**  The Securities Exchange Act of 1934, as amended, and the regulations promulgated under that act.

**Federal Judgment Rate**.  Pursuant to 28 U.S.C. § 1961(a), the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System.

**Final Distribution Date.**  The Distribution Date on which the Liquidating Trustee distributes the remaining proceeds of the Trust Assets pursuant to the Trust Agreement.

**Final Order.**  An order or judgment: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has been expired; (b) as to which any right to appeal, petition for certiorari, reargue, or rehear has been waived in writing in form and substance satisfactory to the Debtor or Liquidating Trustee; or (c) in the event of an appeal, writ of certiorari, or motion for reargument or rehearing has been filed, such judgment or order has not been reversed, modified, stayed, or amended; *provided, however,* that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, may be filed with respect to such order does not prevent such order from being a Final Order.

**GAAP.**  Means generally accepted accounting principles set forth in the opinions and pronouncements of the Accounting Principles Board of the American Institute of Certified Public Accountants and statements and pronouncements of the Financial Accounting Standards Board (or in such other statements by such other entity as approved by a significant segment of the accounting profession which are in effect in the United States).

**General Unsecured Claim.**  Any Unsecured Claim, including an Unsecured Deficiency Claim, if any, that is not a: (a) Secured Claim; (b) Administrative Claim; (d) Priority Tax Claim; (e) Priority Unsecured Non-Tax Claim; or (f) Allowed WARN Act Unsecured Claim.

**Governmental Unit**.  Shall have the meaning ascribed to such term under Section 101(27) of the Bankruptcy Code.

**Initial Distribution Date.**  The first Business Day after the Effective Date or as soon thereafter as is practicable on which Distributions are made to holders of Class 1, 2, 3 or 4 Claims and Beneficial Interests in accordance with this Plan and the Liquidating Trust Agreement.

**Interest Holder.**  Any Person holding an Equity Interest in the Debtor.

**IRS.**  The United States Internal Revenue Service.

**Lien.**  A lien, security interest, or other interest or encumbrance as defined in Section 101(37) of the Bankruptcy Code asserted against any Estate Property, except a lien that has been avoided in accordance with Sections 544, 545, 546, 547, 548, or 549 of the Bankruptcy Code or applicable law, that is void pursuant to Section 506(d), that is invalid or unenforceable pursuant to applicable law or that is preserved for the Estate in accordance with Section 550 of the Bankruptcy Code.

**Liquidating Trustee.**  The Person (and any successor) appointed to serve as the liquidating trustee under the Trust Agreement.

**Objection Deadline**.  The date by which objections to any Claims or Equity Interests must be filed with the Bankruptcy Court and served upon the holders thereof, which date shall be, unless extended by the Bankruptcy Court upon motion by the Liquidating Trustee (which request shall be granted upon any reasonable cause shown including, without limitation, additional time needed by the Liquidating Trustee to analyze Claims), (a) for Administrative Claims, forty five (45) Business Days after the Administrative Claims Bar Date; (b) for Professional Fees, the date that is thirty (30) Business Days after the Professional Fee Bar Date; (c) for Rejection Damage Claims, the date that is forty five (45) Business Days after the Rejection Damage Claim Bar Date; and (d) for all other Claims, the date that is sixty (60) Business Days after the  Effective Date.

**Oversight Committee**.  The Oversight Committee as may be appointed and reconstituted from time to time under the Trust Agreement.  The Oversight Committee shall be comprised initially of those members of the Committee willing to serve, and thereafter as provided for in the Trust Agreement.

**Person.**  shall have the meaning set forth in Section 101(41) of the Bankruptcy Code.

**Petition Date.**  April 26, 2008.

**Plan.**  This Joint Plan of Liquidation of Eos Airlines, Inc. Under Chapter 11 of the Bankruptcy Code dated November      , 2008, including all its annexed exhibits and schedules as it or they may be amended, supplemented or modified from time to time.

**Priority/Secured Claim Reserve.** The reserve of Trust Cash to be established by the Liquidating Trustee pursuant to the Trust Agreement for the payment of Priority Unsecured Tax Claims and Class 1 and Class 2 Claims.

**Priority Unsecured Non-Tax Claim.** Any Unsecured Claim (or portion of such Claim) entitled to priority under Sections 507(a)(2-7) of the Bankruptcy Code.

**Priority Unsecured Tax Claim.** Any Unsecured Claim (or portion of such Claim) of a Governmental Unit entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**Professionals.** Those Persons (a) employed in accordance with an order of the Bankruptcy Court under Sections 327 or 1103 of the Bankruptcy Code and to be compensated for services under Sections 327, 328, 329, 330, and 331 of the Bankruptcy Code, or (b) for which compensation and reimbursement has been Allowed by the Bankruptcy Court under Section 503(b) of the Bankruptcy Code.

**Professional Fee Bar Date.** The date by which all applications for compensation or expense reimbursement for Professional Fees, must be filed with the Bankruptcy Court in accordance with Section 2.6 of this Plan.

**Professional Fees.** The Administrative Claims of Professionals for compensation and reimbursement of expenses submitted in accordance with Sections 328, 330, 331, or 503(b) of the Bankruptcy Code.

**Pro Rata.** As to a holder of a particular Claim, the ratio that the amount of such Claim held by such Creditor bears to the aggregate amount of all Claims in the particular Class or category of Claims to which such holder's Claim has been assigned. Such ratio shall be calculated as if all Claims in the particular Class or category asserted against the Debtor are Allowed Claims as of the Effective Date, unless specifically provided otherwise in this Plan.

**Rejection Damage Claim**. A Claim arising from the rejection of an executory contract or unexpired lease of non-residential real property under Section 365 of the Bankruptcy Code.

**Reserved Beneficial Interest.** A Beneficial Interest that has been reserved pursuant to the Trust Agreement.

**Schedules.** The schedules of assets and liabilities, the list of holders of interests, and the statements of financial affairs filed by the Debtor in the Chapter 11 Case under Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such schedules, lists, and statements may have been or may be supplemented or amended from time to time.

**SEC.** The United States Securities and Exchange Commission.

**Secured Claim.** A Claim for which a Creditor asserts a valid, perfected, and enforceable Lien, not subject to avoidance, disallowance, or subordination under the Bankruptcy Code or applicable non-bankruptcy law and to the extent not chargeable with costs or expenses of preservation under Section 506(c) of the Bankruptcy Code, or a Claim for which a Creditor asserts a setoff under Section 553 of the Bankruptcy Code, but only to the extent of the value,

determined in accordance with Section 506(a) of the Bankruptcy Code, of the Creditor's interest in the Debtor's interest in Estate Property or to the extent of the amount subject to such setoff, as the case may be, unless a timely election has been made under Section 1111(b)(2) of the Bankruptcy Code.

**Securities Act.** The Securities Act of 1933, as amended, and its applicable regulations.

**Securities Exchange Act.** The Securities Exchange Act of 1934, as amended, and its applicable regulations.

**Substantial Consummation**. Means: (i) the transfer of all or substantially all of the Estate Property to the Trust as proposed under this Plan; (ii) assumption by the Liquidating Trustee of the management of all or substantially all of the Estate Property as directed by this Plan and the Trust Agreement; and (iii) commencement of Distributions under this Plan, all of which shall be deemed to have occurred on the Effective Date.

**Trust.** The trust established pursuant to this Plan and the Trust Agreement, the funds of which shall be held in a segregated interest-bearing trust account or accounts established and maintained by the Liquidating Trustee, and into which trust account(s) shall be deposited Cash property of the Estate existing as of and following the Effective Date. The Trust is intended to be treated, at least in part, as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d), for the benefit of Beneficiaries entitled to Distributions and the Trust shall not conduct any trade or business but shall solely engage in such activity as is necessary or warranted for the Trust and Liquidating Trustee to satisfy their respective obligations and discharge their respective duties under the Plan and the Trust Agreement.

**Trust Agreement.** The Trust Agreement which shall be substantially in the form of Appendix A attached hereto, with such modifications as may be consented to on or prior to the Effective Date by the Committee.

**Trust Assets.** All Property of the Estate as of the Effective Date, including, but not limited to, Estate Cash, all Causes of Action and all proceeds of the foregoing (including, without limitation, "proceeds" as defined in the Uniform Commercial Code).

**Trust Cash**. All Cash received and held by the Trust, including (a) interest accrued thereon, and (b) Cash held in the Trust Reserves.

**Trust Cost.** Any reasonable cost and expense of the Liquidating Trustee of administering the Trust (including making Distributions to holders of Beneficial Interests), paying taxes on behalf of the Trust, and paying Professional Fees and expenses incurred by the Liquidating Trustee in connection with the administration of the Trust.

**Trust Operating Reserve**. The reserve of Trust Cash to be established under the Trust Agreement for the payment of Trust Costs.

**Trust Reserve.** Any reserve established and maintained by the Liquidating Trustee under the Trust Agreement into which the Liquidating Trustee shall deposit, or shall cause to be

deposited, Trust Cash  in connection with the operation of the Trust or the Distributions to holders of Class 1, Class 2, Class 3 or Class 4 Claims or Beneficial Interests.

**Unclassified Claims.**  Those Claims enumerated in Section 2.1 of this Plan.

**United States Trustee**.  The Office of the United States Trustee for Region 2.

**Unsecured Claim.**  A Claim that is not a Secured Claim.  The term specifically includes, without limitation, any tort Claims or contractual Claims or Claims arising from damage or harm to the environment and, pursuant to Section 506(a) of the Bankruptcy Code, any Unsecured Deficiency Claim, or any Claim for damages resulting from rejection of any Executory Contract under Section 365 of the Bankruptcy Code.

**Unsecured Deficiency Claims.**  Any portion of a Claim (a) to the extent the value of the holder's interest in the Estate Property securing such Claim is less than the amount of such Claim or (b) to the extent the amount of a Claim subject to setoff is less than the amount of the Claim, each as determined by the Bankruptcy Court under Section 506(a) of the Bankruptcy Code.

**Unsecured WARN Act Claim**.  The Claim of the WARN Act Class arising under the WARN Act Settlement Agreement whereby the WARN Act Class is entitled to 35.5% of all Funds available for Distribution to holders of Allowed Class 4 Claims.

**Voting Record Date.**  The date that the Bankruptcy Court enters an order on the docket of the Chapter 11 Case approving the Disclosure Statement.

**WARN Act**.  The federal Worker Adjustment and Retraining Notification (WARN) Act, 49 U.S.C §§ 2101-2109.

**WARN Act Class**.  Shall have the meaning ascribed to the term "Class" in the WARN Act Settlement Agreement.

**WARN Act Litigation**.  That certain adversary proceeding captioned *Mochnal v. Eos Airlines, Inc. (In re Eos Airlines, Inc.)*, Adversary Proceeding Number 08-08279, filed before the Bankruptcy Court on April 28, 2008.

**WARN Act Settlement Agreement**.  The settlement agreement among the Debtor, Committee and counsel for the WARN Act Class resolving the WARN Act Litigation and approved by the Bankruptcy Court on September 25, 2008.

## SECTION  2
## TREATMENT OF UNCLASSIFIED CLAIMS

**2.1**     **Unclassified Claims**.  As provided in Section 1123(a)(1) of the Bankruptcy Code, Allowed Administrative Claims and Allowed Priority Unsecured Tax Claims against the Debtor are not classified for purposes of voting on, or receiving Distributions under, this Plan. Holders of such Claims are not entitled to vote on this Plan.  All such Claims are instead treated separately in accordance with Section 2 of this Plan and in accordance with the requirements set forth in Section 1129(a)(9) of the Bankruptcy Code.

**2.2     Payment of Administrative Claims and Professional Fee Claims**.  Allowed Administrative Claims and Allowed Professional Fees incurred through the Effective Date shall be paid by the Liquidating Trustee from Trust Cash within ten (10) days after the Allowance Date for such Administrative Claims.

**2.3     Payment of Allowed Priority Unsecured Tax Claims**.  Any Allowed Priority Unsecured Tax Claim shall, at the Liquidating Trustee's discretion, either:  (i) be paid in full by the Liquidating Trustee from Trust Cash within ten (10) days from the Allowance Date of such Priority Unsecured Tax Claim, or (ii) receive in regular installments payments in Cash of the total value of such Claim as of the Effective Date over a period of not more than five (5) years from the Petition Date.

**2.4     U.S. Trustee Fees**.  All fees owing to the United States Trustee pursuant to 28 U.S.C. § 1930 shall be paid by the Debtor as such fees may become due for periods up to and including the Effective Date.  Following the Effective Date and the transfer of all Estate Assets to the Trust, all U.S. Trustee Fees thereafter due or payable from the Debtor shall be payable by the Trust, including statutory interest, if any, until entry of a final decree dismissing or closing the Chapter 11 Case.

**2.5     Administrative Claim Bar Date**.  All requests for payment of Administrative Claims (except for Professional Fee Claims) must be filed with the Bankruptcy Court on or prior to the Effective Date and served on the Debtor, the Committee and the Liquidating Trustee, or, unless otherwise agreed by the Oversight Committee and approved by the Court, the holders of such Administrative Claims shall be forever barred from asserting such Administrative Claims and shall not be entitled to any Distributions under this Plan.

**2.6     Professional Fee Claims Bar Date**.  All requests for payment of Professional Fee Claims arising on or before the Effective Date shall be filed with the Bankruptcy Court and served on the Debtor, the United States Trustee, the Liquidating Trustee and the Committee within thirty (30) business days following the Effective Date.  Any Professional Fee Claims for which an application or request for payment is not filed within that time period shall be deemed released and forever barred, and shall not be entitled to any Distribution under this Plan.

**2.7     Post-Effective Date Professional Fees**.  Any Professional Fee Claims incurred by any Professionals arising after the Effective Date shall be paid by the Liquidating Trustee out of the Trust Operating Reserve without further application to the Bankruptcy Court, but subject to review and opportunity to object by the Liquidating Trustee and Oversight Committee.   Any disputes regarding post-Effective Date Professional Fees shall be submitted to the Bankruptcy Court upon reasonable notice for determination.

## SECTION 3
## CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS

**3.1     Summary of Classification**.  In accordance with Section 1123(a)(1) of the Bankruptcy Code, all Claims of Creditors and holders of Equity Interests (except those Unclassified Claims receiving treatment as set forth in Section 2) are placed in the Classes

described below for all purposes, including voting on, confirmation of, and distribution under, this Plan:

| Class | Title | Estimated Recovery | Entitled To Vote | Distributions |
|---|---|---|---|---|
| Class 1 | Allowed Secured Claims | 100% | No | On the Effective Date, either (A) return of the Collateral securing such Claim; (B) if the value of the Collateral exceeds the value of the Allowed Secured Claim, proceeds from the sale of the Collateral in the amount of any Allowed Secured Claim; or (C) such other treatment as necessary for holder to be unimpaired. |
| Class 2 | Allowed Priority Unsecured Non-Tax Claims | 100% | No | Cash on the Effective Date. |
| Class 3 | Allowed Unsecured WARN Act Claims | 100% | Yes | Distribution of 35.5% of funds available for distribution to Class 4 General Unsecured Claims on each Distribution Date. Governed by the WARN Act Settlement Agreement. |
| Class 4 | Allowed General Unsecured Claims | Approximately 1.3% to 6.0% | Yes | Pro Rata distribution from Available Cash on hand on each Distribution Date. |
| Class 5 | Allowed Equity Interests and Equity Related Claims | 0% | No | No distribution. Equity Interests to be cancelled. |

**3.2**     **Specific Classification**.

      **3.2.1**     <u>Class 1</u> – Secured Claims.  Class 1 consists of all Allowed Secured Claims.

      **3.2.2**     <u>Class 2</u> - Allowed Priority Unsecured Non-Tax Claims.  Class 2 consists of all Allowed Priority Non-Tax Claims.

**3.2.3**    Class 3 – Allowed Unsecured WARN Act Claims.  Consists of the Allowed Unsecured WARN Act Claims held by members of the WARN Act Class.

**3.2.4**    Class 4 – General Unsecured Claims.  Class 4 consists of all General Unsecured Claims.

**3.2.5**    Class 5 – Equity Interests and Equity Related Claims.  Class 5 consists of all Equity Interests and Equity Related Claims.

## SECTION 4
## TREATMENT OF CLAIMS AND EQUITY INTERESTS; IMPAIRMENT

**4.1**    **Class 1 – Secured Claims**.

**4.1.1**    Impairment and Voting.  Class 1 is unimpaired by this Plan; consequently, all holders of Allowed Class 1 Claims are deemed to accept this Plan and are not entitled to vote on this Plan.

**4.1.2**    Treatment.  Each holder of an Allowed Secured Claim shall receive (i) the Collateral securing such Claim; (ii) if Collateral is sold for Cash pursuant to this Section 4, proceeds in the amount of such Allowed Secured Claim, to the extent the value of the Collateral exceeds the Allowed Secured Claim but subject to any costs or expenses of preservation allowable under Section 506(c) of the Bankruptcy Code; or (iii) such other consideration as is necessary to render such Allowed Secured Claim as unimpaired.

**4.1.3**    Sale of Collateral.  The Liquidating Trustee may sell for Cash any Trust Asset serving as Collateral for an Allowed Secured Claim.  Any sale proceeds remaining after full satisfaction of the Allowed Secured Claim as set forth in Section 4.1.2 shall remain a Trust Asset and shall be free and clear of all interests, Liens, Claims, and encumbrances.

**4.1.4**    Transfer of Collateral.  Except as otherwise provided in this Section 4.1, the Liquidating Trustee may satisfy any Allowed Secured Claim by transferring and conveying any Trust Asset serving as Collateral for such Claim to the holder of the Allowed Secured Claim to the extent of such Claim.  Any Collateral remaining after satisfaction of the Allowed Secured Claim shall remain a Trust Asset and shall be free and clear of any interests, Liens, Claims, and encumbrances.

**4.1.5**    Retention of Lien.  Except as otherwise provided in this Plan, each holder of an Allowed Secured Claim shall retain the Liens on Estate Property securing such Allowed Secured Claim until such Allowed Secured Claim is satisfied in accordance with this Plan, including Section 4.1.2, or until such earlier date agreed to by the holder of the Allowed Secured Claim and the Liquidating Trustee.  Upon satisfaction of an Allowed Secured Claim, whether in Cash or in kind, such Liens shall be deemed automatically released, and any Trust Asset formerly securing such Allowed Secured Claim shall be free and clear of all interests, Liens, Claims and encumbrances.  Holders of satisfied Secured Claims shall execute all necessary Lien releases and file such releases with the appropriate Governmental Units or deliver such releases to the Liquidating Trustee within seven (7) business days of receiving satisfaction or notice thereof.

**4.1.6** <u>Unsecured Deficiency Claims</u>. If the holder of an Allowed Secured Claim has an Unsecured Deficiency Claim, the Unsecured Deficiency Claim shall be treated under this Plan as a Class 4 General Unsecured Claim or Priority Unsecured Tax Claim, if so determined by the Bankruptcy Court or consented to by the holder of the Allowed Secured Claim and the Liquidating Trustee.

**4.1.7** <u>Interest</u>. Pursuant to Section 506(b) of the Bankruptcy Code, holders of Allowed Secured Claims secured by Collateral the value of which exceeds the allowed amount of such Secured Claim may receive interest from the Allowance Date at the Federal Judgment Rate. All holders of Allowed Secured Claims seeking interest under Section 506(b) of the Bankruptcy Code must notify the Debtor, Debtor's Counsel, Committee Counsel, and the Liquidating Trustee on or before the Administrative Claim Bar Date of the amount of such interest demanded or be forever barred from asserting a right to such interest.

**4.2** **Class 2 – Allowed Priority Non-Tax Claims**.

**4.2.1** <u>Impairment and Voting</u>. Class 2 is unimpaired by this Plan; consequently, all holders of Allowed Claims in Class 2 are deemed to accept this Plan and are not entitled to vote on this Plan.

**4.2.2** <u>Treatment</u>. Holders of Allowed Class 2 Claims shall be paid by the Liquidating Trustee from Trust Cash within ten (10) days after the Allowance Date.

**4.3** **Class 3 – Allowed Unsecured WARN Act Claims**.

**4.3.1** <u>Impairment and Voting</u>**.** Class 3 is impaired by this Plan, and all holders of Allowed Unsecured WARN Act Claims are entitled to vote on this Plan, except as otherwise provided by contract.

**4.3.2** <u>Deemed Acceptance</u>. Pursuant to the terms of the WARN Act Settlement Agreement, holders of Allowed Unsecured WARN Act Claims are deemed to have voted in favor of this Plan.

**4.3.3** <u>Treatment</u>. Class 3 Allowed Unsecured WARN Act Claims shall be treated in accordance with the terms of the WARN Act Settlement Agreement which shall govern Class 3 Allowed WARN Act Claims in all respects.

**4.4** **Class 4 – General Unsecured Claims**.

**4.4.1** <u>Impairment and Voting</u>. Class 4 is impaired by this Plan, and all holders of Allowed General Unsecured Claims are entitled to vote on this Plan, except as otherwise provided by this Plan, any contract to which such holders are bound or the Bankruptcy Code.

**4.4.2** <u>Treatment</u>. Each holder of an Allowed General Unsecured Claim in Class 4 shall receive its Pro Rata share of the Available Cash on each Distribution Date until the Trust has been fully administered, all Estate Property completely liquidated and all resulting Trust Cash Distributed.

**4.5** **Class 5 – Equity Interests and Equity Related Claims**.

**4.5.1** Equity Interests. As of the Effective Date, all Equity Interests in the Debtor shall be cancelled, terminated, extinguished and void. Interest Holders will neither receive nor retain any property on account of their Equity Interests, are deemed to reject this Plan, and are not entitled to vote to accept or reject this Plan.

**4.5.2** Equity Related Claims. Pursuant to Section 510(b) of the Bankruptcy Code, all Equity Related Claims are subordinated to all Unclassified Claims and Allowed Class 1-4 Claims. Because Class 4 Claims will not be satisfied in full, holders of Equity Related Claims will receive no Distribution under this Plan and are, therefore, deemed to have rejected this Plan.

**SECTION 5**
**IMPLEMENTATION OF THE PLAN**

**5.1** **Selection of the Liquidating Trustee**. The Committee may select a qualified entity or individual to serve as Liquidating Trustee under the Trust Agreement. If the Committee elects to appoint the Liquidating Trustee, the Committee shall file with the Bankruptcy Court and serve on the Debtor, the United States Trustee, and all parties then receiving notice of pleadings in this Chapter 11 Case pursuant to Federal Rule of Bankruptcy Procedure 2002, not later than five (5) days prior to the Confirmation Hearing, a disclosure identifying a candidate for Liquidating Trustee, said person or entity's qualifications for serving as Liquidating Trustee, and the terms of any fee arrangement. If the Committee does not appoint the Liquidating Trustee, the Debtor shall file with the Bankruptcy Court and serve on the Committee, the United States Trustee, and all parties then receiving notice of pleadings in this Chapter 11 Case pursuant to Federal Rule of Bankruptcy Procedure 2002, not later than three (3) days prior to the Confirmation Hearing, a disclosure identifying a candidate for Liquidating Trustee, said person or entity's qualifications for serving as Liquidating Trustee, and the terms of any fee arrangement. The candidate identified pursuant to this Section 5.1 to serve as Liquidating Trustee shall be approved and confirmed by the Bankruptcy Court at the Confirmation Hearing to serve as Liquidating Trustee.

**5.2** **Dissolution of the Committee.** The appointment and operation of the Committee shall terminate upon the appointment of the Oversight Committee under the Trust. Any dissolution or termination of the appointment and operations of the Committee shall not prejudice the rights of any agents of the Committee (including their Professionals and Committee members) to pursue their separate Claims for compensation and reimbursement of expenses, including Professional Fees under the provisions of Sections 328, 330, 331 and/or 503(b)(3)(F) of the Bankruptcy Code.

**5.3** **Execution and Ratification of the Trust Agreement.** The Trust Agreement shall be executed by all necessary parties thereto. Each holder of a Claim shall be deemed to have ratified and become bound by the terms of the Trust Agreement.

**5.4** **Creation of Trust**. Prior to the Effective Date, the Trust shall be created (but not funded) pursuant to the terms of the Trust Agreement and in accordance with the

Bankruptcy Code. The Trust is and shall be established for the purposes set forth in this Plan and the Trust Agreement, including, without limitation, the following (for which the Liquidating Trustee shall be granted complete authority in the Trust Agreement): (a) collecting, maintaining and administering any Trust Assets for the benefit of the Beneficiaries; (b) liquidating and distributing (including objecting to Claims and determining the proper recipients and amounts of Distributions to be made from the Trust) the Trust Assets for the benefit of the Beneficiaries who are determined to hold Allowed Claims; (c) pursuing any available Causes of Action; (d) closing the Chapter 11 Case; and (e) otherwise implementing the Plan, all in accordance with the Plan and the Trust Agreement. The Liquidating Trustee's sole activities shall be the administering and implementation of this Plan pursuant to the Trust Agreement, shall not engage in the conduct of any trade or business and shall terminate upon the completion of its liquidation and Distribution duties under this Plan and The Trust Agreement. The Trust will be a "representative of the estate" under § 1123(b)(3)(B) of the Bankruptcy Code. Beneficiaries of the Trust shall be identified by reports from the Claims Agent, as provided to the Liquidating Trustee by the Claims Agent on the Effective Date and thereafter as maintained by the Liquidating Trustee.

**5.5** **Transfer of Trust Assets.** On the Effective Date, all Estate Property shall be conveyed and transferred by the Debtor to the Trust, free and clear of all interests, claims, Liens, and encumbrances.

**5.6** **Implementation of the Trust; Binding Nature of Plan and Trust**. On the Effective Date, this Plan and the Trust shall become operative and binding upon all holders of Claims and Equity Interests and all other Beneficiaries. The Liquidating Trustee shall establish all necessary Trust Reserves and commence Distributions in accordance with the terms of this Plan and the Trust Agreement.

**5.7** **Powers and Duties of the Liquidating Trustee**. As set forth in the Trust, the Liquidating Trustee shall have the power, duty and authority, in consultation with the Oversight Committee, to take all actions necessary and appropriate to administer and liquidate the Estate's remaining assets and distribute all resulting Cash to Beneficiaries and to further the provisions, goals and intent of the Plan and the Trust Agreement.

**5.8** **Execution of Documents.** On or before the Effective Date, the Debtor shall execute and deliver all documents and perform all actions necessary and reasonably contemplated with respect to implementation of this Plan, including the Liquidating Trust Agreement. After the Effective Date, the Liquidating Trustee is authorized to execute any documents or instruments necessary to consummate this Plan.

**5.9** **Surrender of Instruments.** Each Claimant, (a) holding a certificate or instrument evidencing a Claim against the Debtor or Estate Property and (b) whose Claim is treated under this Plan, shall surrender such certificate or instrument to the Trust prior to receiving any Distribution under this Plan, *unless* the non-availability of such certificate or instrument is established to the satisfaction of the Liquidating Trustee.

**5.10** **Section 1145 Determination.** Confirmation of this Plan shall constitute a determination, in accordance with Section 1145 of the Bankruptcy Code, that except with respect

to an entity that is an underwriter as defined in section 1145(b) of the Bankruptcy Code, Section 5 of the Securities Act, the Securities Exchange Act and any other federal, state or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, broker or dealer in, a security do not apply to the offer, sale, or issuance under the Plan of the Trust Assets or the Beneficial Interests in exchange for Claims against the Debtor. Without in any manner limiting the foregoing, if the Liquidating Trustee determines that registration and reporting under the Securities Act, Securities Exchange Act or any other federal, state or local law is required or advisable, the Liquidating Trustee will take steps to comply with those requirements.

**5.11** **Settlement and Compromise**. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, to the extent that this Plan incorporates any compromise or settlement, and (to the extent necessary), this Plan constitutes a motion under Bankruptcy Rule 9019 to approve such compromises and settlements.

## SECTION 6
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1** **Executory Contracts and Unexpired Leases**. Unless otherwise provided for in this Plan, on the Effective Date, all executory contracts and unexpired leases not previously rejected by the Debtor during the Chapter 11 Case or for which a motion for rejection is pending on the Confirmation Date shall be deemed rejected.

**6.2** **Rejection Damage Claim Bar Date**. All Rejection Damage Claims arising by operation of Section 6.1 of this Plan shall be filed with the Bankruptcy Court no later than thirty (30) days after the Effective Date. Any Rejection Damage Claim not filed by such date shall be forever barred and shall not be entitled to any Distributions under this Plan. The Liquidating Trustee shall have the right to object to any Rejection Damage Claim.

## SECTION 7
## OBJECTIONS TO CLAIMS

**7.1** **Pre-Confirmation Objections**. The Bankruptcy Court shall retain jurisdiction over any Claim Objection filed by the Debtor or Committee prior to the Confirmation Date.

**7.2** **Claim Objection Deadline**. All Claim Objections must be filed by the applicable Objection Deadline.

**7.3** **Disputed Claims**. Any Claim to which a timely Claim Objection is interposed shall be treated as a Disputed Claim for purposes of Distribution under this Plan and the Trust Agreement.

**7.4** **Prosecution of Objections**. Except insofar as Claims, Administrative Claims and Professional Fees are allowed hereunder or by Final Order, the Liquidating Trustee shall have standing to object to and seek the estimation, disallowance or subordination of Claims, Administrative Claims and Professional Fees. On and after the Effective Date, except as the Bankruptcy Court may otherwise order, the filing, litigation, settlement or withdrawal of all

objections to Claims, Administrative Claims, Professional Fees or Equity Interests shall be the exclusive right of the Liquidating Trustee, in consultation with the Oversight Committee.

**SECTION 8**
**CONDITIONS PRECEDENT TO CONFIRMATION AND EFFECTIVENESS OF PLAN**

**8.1**     **Conditions To Confirmation**. The following are conditions precedent to confirmation of this Plan:

**8.1.1**     The Bankruptcy Court shall have entered a Final Order approving the Disclosure Statement with respect to this Plan;

**8.1.2**     The Confirmation Order has been entered in form and substance reasonably acceptable to the Debtor and the Committee.

**8.2**     **Conditions To Effectiveness**. The following are conditions precedent to the occurrence of the Effective Date:

**8.2.1**     The Confirmation Date has occurred;

**8.2.2**     The Confirmation Order is a Final Order, except that the Debtor reserves the right to cause the Effective Date to occur, subject to the consent of the Committee, notwithstanding the pendency of an appeal of the Confirmation Order, under circumstances that would moot such appeal;

**8.2.3**     No request for revocation of the Confirmation Order under Section 1144 of the Bankruptcy Code has been made, or, if made, remains pending;

**8.2.4**     The execution and delivery of all documents necessary to implement the transactions contemplated by this Plan, which are in form and substance reasonably acceptable to the Debtor, the Committee and the Liquidating Trustee;

**8.2.5**     The Trust Assets have been transferred and delivered to the Trust;

**8.2.6**     The Bankruptcy Court has approved the appointment of the Liquidating Trustee.

**8.3**     **Waiver Of Conditions**. The conditions to confirmation and the Effective Date may be waived in whole or in part by written agreement of the Debtor and the Committee at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to confirmation and consummation of this Plan.

**8.4**     **Notice of Effective Date**. Not more than ten (10) days after the Effective Date, the Liquidating Trustee shall cause a notice to be filed with the Bankruptcy Court that the Plan has become effective and shall serve such notice on all Creditors and Interest Holders of record on the Effective Date.

## SECTION 9
## NON-ALLOWANCE OF PENALTIES AND FINES

Except as expressly provided for in this Plan, no Distribution shall be made under this Plan on account of, and no Allowed Claim shall include, any fine, penalty, or exemplary or punitive damages relating to or arising from any default or breach by the Debtor, and any Claim on account of such fine, penalty, or exemplary or punitive damages shall be deemed to be disallowed, whether or not an objection is filed to such Claim.

## SECTION 10
## TITLE TO PROPERTY; RELEASE; INJUNCTION

**10.1**     **Vesting of Assets**.  Upon the Effective Date, title to all of the Estate Property, in whatever form and wherever found, shall vest in the Trust.

**10.2**     **Satisfaction and Release of all Claims**.  Except as provided in this Plan or the Confirmation Order, the rights afforded under this Plan and the treatment of Claims and Equity Interests under this Plan and under the Trust are in exchange for and in complete satisfaction, and release of, all Claims against the Debtor or Estate Property and termination of all Equity Interests.  Except as provided in this Plan or the Confirmation Order, on the Effective Date: (a) all Claims or other debts that arose before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code shall be deemed satisfied and released, whether or not:  (i) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (ii) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (iii) the holder of a Claim based on such debt has accepted this Plan; and (b)  all Equity Interests and other rights of Equity Interests in the Debtor shall be terminated.  Except as otherwise provided in this Plan, the Confirmation Order shall be a judicial determination of the satisfaction and release of all of the Debtor's liabilities arising before the Effective Date.  Pursuant to Bankruptcy Code Section 524, the Confirmation of this Plan shall void any judgment against the Debtor at any time obtained (to the extent it relates to a Claim treated under this Plan), and operates as an injunction against the prosecution of any action against the Debtor, the Estate Property, or the Liquidating Trustee (to the extent such action relates to a Claim treated under this Plan).  The satisfaction and release of Claims contained within this Plan shall not constitute a discharge of the Debtor pursuant to Bankruptcy Code Section 1141(d).

**10.3**     **Injunction.**  Except as provided in this Plan or the Confirmation Order, as of the Effective Date, all entities that have held, currently hold or may hold a Claim that is deemed satisfied and released pursuant to this Plan or an Equity Interest, Equity Related Claim, or other right of an Interest Holder that is terminated under this Plan, are permanently enjoined from taking any of the following actions on account of any such Claims, or terminated Equity Interests or rights:  (a) commencing or continuing in any manner any action or other proceeding against the Debtor, the Liquidating Trustee, the Trust, the Committee or any individual Committee Member (including any officer or director acting as a representative of the Debtor, the Liquidating Trustee, the Trust, the Committee or individual Committee Member) to the extent that such action or proceeding arises from any act or omission of such party in connection with, relating to, or arising out of the Chapter 11 Case, the negotiation and pursuit of Confirmation of

this Plan or the consummation of this Plan; (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Debtor, the Trust, the Liquidating Trustee, the Committee or any individual Committee Member, or their respective property; (c) creating, perfecting, or enforcing any lien or encumbrance against the Debtor, the Liquidating Trustee, the Trust, the Committee or any individual Committee Member, or their respective property; (d) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor, the Liquidating Trustee, the Trust, the Committee or any individual Committee Member, or their respective property; and (e) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of this Plan or the Bankruptcy Code, provided, however, that the foregoing shall not apply to any acts or omissions by any of the foregoing parties constituting gross negligence, willful misconduct, fraud, criminal conduct, unauthorized use of confidential information that causes damage or *ultra vires* acts, each as finally determined by a court of competent jurisdiction.

  **10.4** **Exculpation**. None of Debtor, the Committee, or any individual Committee Member or any of their respective members, officers, directors (excluding the Debtor's officers and directors, <u>except</u> any Chief Responsible Officer or Vice Chief Responsible Officer appointed after the Petition Date), employees or Professionals have or may incur any liability to any holder of a Claim or Equity Interest, including the holder of any Equity Related Claim, or any other Person or party in interest, or any of their respective members or former members, agents, employees, representatives, financial advisors, attorneys or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to or arising out of the Chapter 11 Case, the negotiation and pursuit of confirmation of this Plan, the consummation of this Plan or the administration of this Plan (the "**Chapter 11 Activities**") to the extent such Chapter 11 Activities are within the scope of Bankruptcy Code Section 1125(e), except for acts or omissions of any of the foregoing constituting willful misconduct, gross negligence, fraud, criminal conduct, unauthorized use of confidential information that causes damages or *ultra vires* acts, each as finally determined by a court of competent jurisdiction, and in all respects are entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities in connection with any Chapter 11 Activities within the scope of Bankruptcy Code Section 1125(e). No holder of a Claim, Equity Interest, Equity Related Claim or any other Person or party in interest, including their respective agents, employees, representatives, financial advisors, attorneys or affiliates, have any right of action against the Debtor, the Liquidating Trustee, the Liquidating Trustee, the Committee, or any individual Committee Member or any of their respective officers, directors, employees or Professionals for any act or omission in connection with any Chapter 11 Activities within the scope of Bankruptcy Code Section 1125(e), except for acts or omissions by any of the foregoing constituting willful misconduct, gross negligence, fraud, criminal conduct, unauthorized use of confidential information that causes damages or *ultra vires* acts, each as finally determined by a court of competent jurisdiction.

  **10.5** **Governmental Unit Claims Against Non-Debtor Parties**. No provision of this Plan shall be interpreted or construed to give rise to a release, discharge or injunction against, or exculpation from, any liability of any non-Debtor entity to any Governmental Unit for any act or omission unrelated to or not arising during the Chapter 11 Case or any Chapter 11 Activities.

**10.6**     **Retention of Causes of Action and Reservation of Rights.**

**10.6.1**          Except as set forth in this Plan or the Confirmation Order, nothing contained in this Plan or the Confirmation Order shall be deemed to be a waiver or the relinquishment of any rights or Causes of Action that the Debtor or the Estate may have or that the Liquidating Trust or Liquidating Trustee may choose to assert on behalf of the Debtor or its Estate under any provision of the Bankruptcy Code or any applicable non-bankruptcy law, including, without limitation: (i) any and all Claims against any Person or entity, to the extent such Person asserts a cross-claim, counterclaim and/or right to setoff or recoupment that seeks affirmative relief against the Debtor or its officers, directors or representatives; (ii) the turnover of any Estate Property; and (iii) rights against financial advisors, underwriters, lenders or auditors relating to acts or omissions occurring prior to the Petition Date.

**10.6.2**          Except as set forth in the Plan or the Confirmation Order, nothing contained in the Plan or the Confirmation Order shall be deemed to be a waiver or relinquishment of any Claim, right of setoff or recoupment or other legal or equitable defense that the Debtor had immediately prior to the Effective Date or arising thereafter.  The Liquidating Trustee shall have, retain, reserve and be entitled to assert all such Claims, rights of setoff or recoupment and other legal or equitable defenses that the Debtor had immediately prior to the Petition Date or arising thereafter and all of the Debtor's legal and equitable rights with regard to any Claim may be asserted by the Liquidating Trustee after the Effective Date.

**10.7**     **Preservation Of Insurance**.  Nothing in this Plan or confirmation of this Plan diminishes or impairs the enforceability of any insurance policy that may cover Claims against the Debtor or any other Person, including but not limited to any D&O Policy, all of which D&O Policies shall continue to remain in effect and enforceable against the insurer in accordance with their terms.

# SECTION  11
# EVENTS OF DEFAULT

**11.1**     **Events of Default**.  An event of default shall have occurred if the Debtor, the Liquidating Trustee or any other Person takes any action, fails to take any action, or fails to refrain from taking an action prevented, required, or otherwise set forth in this Plan or the Trust Agreement.

**11.2**     **Remedies on Default**.  Subject to Sections 1112 and 1144 of the Bankruptcy Code, should an event of default occur by the Debtor, Liquidating Trustee or any other Person, at least one other party-in-interest (including the Debtor) must provide written notice of the default to the defaulting party and serve copies of the notice to all parties identified in Section 15.7 of this Plan.  If the default is capable of being cured and is not cured within ten (10) days after service of the notice of default, the notifying party may move the Bankruptcy Court setting a date and time when the defaulting party must appear before the Bankruptcy Court and show cause (a) why it should not be held in contempt of the Confirmation Order and (b) other relief to which the notifying party believes itself entitled.  If the defaulting party is found to be in default of this Plan, the Bankruptcy Court shall:

(i) assess the costs of the Liquidating Trustee or other party-in-interest of proceeding on the order to show cause against the defaulting party, such costs to be the greater of the actual amounts incurred or $10,000;

(ii) designate a person to appear, sign, and/or accept on behalf of the defaulting party the documents required under this Plan in accordance with Federal Rule of Civil Procedure 70, or enter such other order compelling compliance with this Plan that may be necessary and that does not materially alter the terms of this Plan as confirmed; and/or

(iii) grant equitable relief in the form of specific performance.

## SECTION 12
## RETENTION OF JURISDICTION

**12.1** **Jurisdiction**. Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain such jurisdiction over the Chapter 11 Case after the Effective Date as is legally permissible including, without limitation, jurisdiction to:

**12.1.1** Allow, disallow, determine, liquidate, classify, estimate, reconsider, value, compromise, settle, adjust, or establish the amount, priority, validity, or secured or unsecured status of any Claim, including the resolution of any request for payment of any Unclassified Claim and the resolution of any and all Claim Objections or objections to Professional Fees;

**12.1.2** Grant or deny any applications for allowance of compensation or reimbursement of expenses arising out of or related to the Chapter 11 Case, including but not limited to Claims of Professionals for Professional Fees, or any Claim, or Equity Interest authorized under the Bankruptcy Code or this Plan;

**12.1.3** Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is a party and to hear, determine and, if necessary, liquidate, any Claims arising from, or cure amounts related to, such assumption or rejection;

**12.1.4** Ensure that Distributions to holders of Allowed Claims are accomplished in accordance with this Plan and the Trust;

**12.1.5** Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications or motions involving the Debtor that may be pending on the Effective Date or commenced thereafter by the Liquidating Trustee;

**12.1.6** Entertain such proceedings and enter such orders as may be necessary or appropriate to implement, consummate, or enforce the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan or the Disclosure Statement, except as otherwise provided in this Plan;

**12.1.7** Resolve any case, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of this Plan or any Person's obligations incurred in connection with this Plan;

**12.1.8** Modify this Plan before or after the Effective Date or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document created in connection with this Plan or the Disclosure Statement, including, without limitation, the Trust Agreement, whether under Section 1127 of the Bankruptcy Code or as otherwise permitted by law, this Plan or, in respect of the Trust Agreement, the Trust Agreement; or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, this Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with this Plan or the Disclosure Statement, including, without limitation, the Trust Agreement, in such manner as may be necessary or appropriate to consummate this Plan, to the extent authorized by the Bankruptcy Code, and determine matters concerning federal, state, and local taxes in accordance with Sections 346, 505, and 1146 of the Bankruptcy Code or other applicable law;

**12.1.9** Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation or enforcement of this Plan, except as otherwise provided in this Plan;

**12.1.10** Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

**12.1.11** Determine any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, the Trust Agreement or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, the Confirmation Order or the Trust Agreement except as otherwise provided in this Plan;

**12.1.12** Enter an order closing the Chapter 11 Case which provides for retention of jurisdiction for the Bankruptcy Court for purposes of Section 10.4;

**12.1.13** Adjudicate the Causes of Action (including those to be initiated and prosecuted by the Liquidating Trustee as the Estate's representative under Section 1123(b)(3)(B) of the Bankruptcy Code), and any other Cause of Action or Claims of the Debtor;

**12.1.14** Resolve any disputes between the Liquidating Trustee and the Oversight Committee or the Liquidating Trustee and any holder of a Beneficial Interest; and

**12.1.15** Approve settlements of any Causes of Action or other disputes.

**<u>12.2</u>** Failure of Bankruptcy Court to Exercise Jurisdiction. If for any reason the Bankruptcy Court abstains from exercising, or refuses or declines to exercise, jurisdiction over any matter arising in, arising under or related to the Chapter 11 Case, including the matters set forth in Section 12.1 hereof, such abstention, refusal or declination shall have no effect on the exercise of jurisdiction by any other court which has jurisdiction over such matter.

## SECTION 13
## AMENDMENT AND WITHDRAWAL OF PLAN

**13.1**    **Amendment of this Plan**.  At any time before the Confirmation Date, the Debtor and Committee may alter, amend, or modify this Plan pursuant to Section 1127(a) of the Bankruptcy Code *provided* that such alteration, amendment, or modification is not inconsistent with the Bankruptcy Code and does not materially and adversely affect the treatment and rights of the holders of Class 4 Claims under this Plan.  After the Confirmation Date and before Substantial Consummation of this Plan, the Debtor or Committee may, under Section 1127(b) of the Bankruptcy Code, and after the Effective Date the Liquidating Trustee may, institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in this Plan, the Disclosure Statement, the Confirmation Order or any document executed in connection with or contemplation of this Plan or Trust Agreement, and such matters as may be necessary to carry out the purposes and effects of this Plan so long as such proceedings do not materially and adversely affect the treatment of holders of Claims under this Plan; *provided, however*, that prior written notice of such proceedings shall be served in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court, as applicable.

**13.2**    **Revocation or Withdrawal of this Plan**.  The Debtor reserves the right to revoke or withdraw this Plan at any time before the Confirmation Date.  If this Plan is withdrawn or revoked, then this Plan shall be deemed null and void and nothing contained in this Plan shall be deemed a waiver of any Claims by or against the Debtor or any other Person in any further proceedings involving the Debtor or an admission of any sort, and this Plan and any transaction contemplated by this Plan shall not be admitted into evidence in any proceeding.

## SECTION 14
## ACCEPTANCE OR REJECTION OF THE PLAN

**14.1**    **Impaired Classes to Vote**.  Except as otherwise provided by agreement or the terms of this Plan, each holder of a Claim in an impaired Class shall be entitled to vote separately to accept or reject this Plan unless such holder is deemed to accept or reject this Plan.

**14.2**    **Acceptance by Class of Creditors**.  An impaired Class of holders of Claims shall have accepted this Plan if this Plan is accepted by at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have voted to accept or reject this Plan.  A Class of holders of Claims shall be deemed to accept this Plan in the event that no holder of a Claim within that Class submits a Ballot by the Ballot Date.

**14.3**    **Cramdown.**  If any impaired Class of Claims entitled to vote shall not accept this Plan by the requisite statutory majorities provided in Section 1126(c) of the Bankruptcy Code, the Debtor and Committee reserve the right to request that the Bankruptcy Court confirm this Plan under Section 1129(b) of the Bankruptcy Code.  With respect to impaired Classes of Claims that are deemed to reject this Plan, the Debtor shall request the Bankruptcy Court to confirm this Plan under Section 1129(b) of the Bankruptcy Code.

## SECTION 15
## MISCELLANEOUS

**15.1** **Binding Effect**.  The Plan shall be binding on, and shall inure to the benefit of, the Debtor, the Liquidating Trust, and the holders of all Claims and Equity Interests, including the holders of Equity Related Claims, and their respective successors and assigns.

**15.2** **Dissolution of the Debtor.**  Upon and after the Effective Date, the Liquidating Trustee shall be entitled as may be advisable at any time to seek dissolution of the Debtor pursuant to applicable state law.

**15.3** **Recognition of Subordination Rights**.  Except as otherwise provided in this Plan, all Claims and Equity Interests based upon any claimed contractual subordination rights pursuant to any provision of the Bankruptcy Code or other applicable law, shall be deemed satisfied by the Distributions proposed under this Plan to holders of Allowed Claims having any such contractual subordination rights.  The Distributions to the various classes of Claims under this Plan shall not be subject to levy, garnishment, attachment or like legal process for any holder of a  Claim by reason of any claimed contractual subordination rights or otherwise of the holder of a Claim against the holder of another Claim, except as expressly provided in this Plan. On the Effective Date, all holders of Claims shall be deemed to have waived any and all contractual subordination rights that they may have with respect to such Distributions, and the Bankruptcy Court shall permanently enjoin, effective as of the Effective Date, all holders of such Claims from enforcing or attempting to enforce any such subordination rights with respect to such Distributions.

**15.4** **Governing Law**.  Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties and obligations of the Debtor, the Liquidating Trustee, and any other Person arising under this Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York.

**15.5** **Setoffs**.  The Debtor or the Liquidating Trustee may, but are not required to, set off or recoup against any Claim and the payments or other Distributions to be made under this Plan in respect of such Claim, claims of any nature whatsoever that arose before the Petition Date  or Effective Date, as applicable, that the Debtor may have against the holder of such Claim to the extent such Claims may be set off or recouped under applicable law, but neither the failure to do so nor the allowance of any Claim under this Plan shall constitute a waiver or release by the Debtor or the Liquidating Trustee of any such claim that it may have against such holder.

**15.6** **Notices**.  Any notice required or permitted to be provided under this Plan shall be in writing and served by either: (a) certified mail, return receipt requested, postage prepaid; (b) hand delivery; (c) reputable overnight courier service, freight prepaid; or (d) by fax; addressed as follows:

| If to Debtor: | Eos Airlines, Inc.<br>Attn: Mike Gumiela<br>P.O. Box 598<br>Purchase, NY 10577 |
|---|---|
| With a copy to: | Squire, Sanders & Dempsey L.L.P.<br>Attn: Tim J. Robinson<br>41 South High Street, Suite 2000<br>Columbus, OH 43215<br>Facsimile: 614.365.2499 |
| If to the Committee: | Joseph M. Vann<br>Robert A. Boghosian<br>Ira R. Abel<br>Cohen Tauber Spievack & Wagner P.C.<br>420 Lexington Avenue, Suite 2400<br>New York, NY 10170<br>Facsimile: 212.586.5095 |
| If to the Liquidating Trustee: | _____<br>_____<br>_____<br>_____ |

**15.7    Delivery Of Notices**.  If personally delivered, such communication shall be deemed delivered upon actual receipt; if electronically transmitted in accordance with this Plan, such communication shall be deemed delivered by the next noon at point of arrival occurring on a Business Day following transmission; if sent by overnight courier in accordance with this Plan, such communication shall be deemed delivered within twenty-four hours of deposit with such courier or noon of the first Business Day following such deposit, whichever first occurs; and if sent by U.S. Mail in accordance with this Plan, such communication shall be deemed delivered as of the date of delivery indicated on the receipt issued by the relevant postal service; or, if the addressee fails or refuses to accept delivery, as of the date of such failure or refusal. Any party to this Plan may change its address for the purposes of this Plan by giving notice of such change to the parties set forth in Section 15.7.

**15.8    Severability**.  If any provision of this Plan is found by the Bankruptcy Court to be invalid, illegal or unenforceable, if this Plan is found by the Bankruptcy Court to be invalid, illegal or unenforceable, or if this Plan cannot be confirmed under Section 1129 of the Bankruptcy Code, the Bankruptcy Court, at the Debtor's request, shall retain the power to alter and interpret such term to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregone, is valid and enforceable in accordance with its terms.

**15.9    No Attorneys' Fees**.  Other than the Professional Fees, no attorneys' fees or other professional fees shall be paid by the Debtor with respect to any Claim or Equity Interest

except as specified in this Plan or as provided by the Confirmation Order or other Final Order of the Bankruptcy Court.

**15.10  No Interest**.  Except as otherwise provided in this Plan, no interest shall accrue or be payable with respect to any Claim or Equity Interest, whether a Disputed Claim, Disputed Equity Interest or otherwise.

**15.11  Recipient of Distributions**.  All Distributions to Beneficiaries to be made under the Trust shall be made to such Beneficiaries as of the Voting Record Date as set forth on the register of Claims maintained by the Claims Agent.  Changes as to the holder of a Claim or Equity Interest on or after the Voting Record Date and prior to the Effective Date shall only be valid and recognized for distribution, voting and all other purposes if notice of such change is filed with the Bankruptcy Court, in accordance with Bankruptcy Rule 3001, if applicable, and served upon the Debtor, its counsel, the Committee, its counsel and the Claims Agent.

**15.12  Delivery of Distributions**.  Subject to Bankruptcy Rule 9010, Distributions under the Trust shall be made at the address of each Beneficiary, as set forth on the proofs of Claim filed by such Beneficiary (or at the last known address of such holder as of the Voting Record Date on the records maintained by the Claims Agent if the Debtors have not been notified in writing of a change of address).  If any Distribution to a Beneficiary is returned as undeliverable, no further Distributions to such Beneficiary shall be made unless and until the Liquidating Trustee is notified of such Beneficiary's then current address, at which time all missed Distributions shall be made to such holder without interest.

**15.13  Unclaimed Funds**.  Notwithstanding any statute, law, rule or regulation to the contrary, if any Distribution under this Plan or the Trust is returned as undeliverable, any check evidencing such payment remains uncashed for sixty (60) days after the date on which the check was issued, or if a Beneficiary fails to provide a correct address to the Liquidating Trustee, then the underlying Claim shall be deemed to be waived, and such funds shall be distributed on the next Distribution Date to holders of Beneficial Interests as if such funds were Available Cash.

**15.14  De Minimis Distributions**.  Unless otherwise determined by the Liquidating Trustee, no distribution of less than twenty-five dollars ($25.00) in Cash shall be made to any Beneficiary.

**15.15  Means of Payment**.  Payments made pursuant to the Trust shall be in Cash unless stated otherwise.

**15.16  Withholding and Reporting Requirements**.  In connection with the Plan, the Trust and all instruments issued in connection therewith and Distributions made thereunder, the Liquidating Trustee shall comply with all applicable withholding and reporting requirements imposed by any federal, state or local taxing authority, and all Distributions under the Plan shall be subject to any such withholding or reporting requirements.  Notwithstanding the above, each Beneficiary that is to receive a Distribution under the Trust shall have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any such federal, state or local taxing authority, including income, withholding and other tax obligations,

on account of such Distribution.  The Liquidating Trustee shall file federal income tax returns for the Debtor pursuant to Section 6012(b) of the Internal Revenue Code of 1986, as amended.

      **15.17**  **Exemption from Taxes**.  Pursuant to Section 1146(a) of the Bankruptcy Code, (i) the creation of any Lien or other security interest, or (ii) the making or assignment of any lease or sublease, or (iii) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, this Plan, including, without limitation, any restructuring, disposition, liquidation, or dissolution, deeds, bills of sale, or transfers of tangible property, shall not be subject to any stamp tax or other similar tax.  Unless the Bankruptcy Court orders otherwise, all sales, transfers and assignments of owned and leased real and personal property, approved by the Bankruptcy Court on or prior to the Effective Date is deemed to have been in furtherance of, or in connection with, this Plan.


**Eos Airlines, Inc., debtor and debtor-in-possession**

By:     */s/ Caralyn Galletta*
Name: Caralyn Galletta
Title:  Chief Responsible Officer

**Official Committee of Unsecured Creditors of Eos Airlines, Inc.**

By:     */s/  Jim Snover*
Name:  Jim Snover
Title:  Chairman

**APPENDIX A**

**LIQUIDATING TRUST AGREEMENT**

[see attached]

**APPENDIX B**
**PROPOSED CONFIRMATION ORDER**


[see attached]