SQUIRE, SANDERS & DEMPSEY L.L.P.
1095 Avenue of the Americas, 31st Floor
New York, New York 10036
Phone: 212.872.9800
Fax:    212.872.9815
Stephen D. Lerner (SL - 7598)
Nicholas J. Brannick (OH 0079642)

Attorneys for Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
                                                             :
**In re:**                                                   :
                                                             :   **CHAPTER 11**
         **EOS AIRLINES, INC.**                              :
                                                             :   **CASE NO. 08-22581 (ASH)**
**Debtor**                                                   :
                                                             :
-------------------------------------------------------------X

**APPENDIX A TO JOINT PLAN OF LIQUIDATION OF EOS AIRLINES, INC.**
**UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE,**
**DECEMBER 18, 2008 - DRAFT LIQUIDATING TRUST AGREEMENT**

Attached hereto is Appendix A to the Joint Plan of Liquidation of Eos Airlines, Inc.

Under Chapter 11 of the United States Bankruptcy Code, December 18, 2008, Draft Liquidating

Trust Agreement.  The Liquidating Trust Agreement remains subject to revision and

modification.

Dated: January 26, 2009                    SQUIRE, SANDERS & DEMPSEY L.L.P.

                                           */s/ Nicholas J. Brannick*
                                           Stephen D. Lerner (SL - 7598)
                                           Nicholas J. Brannick (OH 0079642)
                                           1095 Avenue of the Americas, 31st Floor
                                           New York, New York 10036
                                           Phone: 212.872.9800
                                           Fax:    212.872.9815

                                           *Counsel to the Debtor and Debtor-in-*
                                           *Possession*

# LIQUIDATING TRUST AGREEMENT
# FOR THE EOS AIRLINES, INC. LIQUIDATING TRUST

THIS TRUST AGREEMENT (the "Trust Agreement") is made as of this __ day of January, 2009, by and between EOS AIRLINES, INC., a corporation organized under the laws of the State of Delaware (the "Debtor" or "Eos") for the benefit of the Beneficiaries (as defined below) entitled to the Trust Assets (as defined in the First Amended Joint Plan of Liquidation Dated December 18, 2008 (the "Plan")), and Turnaround Advisors, L.L.C. as liquidating trustee (the "Liquidating Trustee") for the Eos Liquidating Trust.

## RECITALS

WHEREAS on April 26, 2008, Eos filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), which was docketed as Case No. 08-22581 (ASH) (the "Bankruptcy Case"). On December 18, 2008, the Debtor filed the Plan, which is supported by the Eos Official Committee of Unsecured Creditors (the "Committee"). This Trust Agreement is executed to facilitate implementation of the Plan. Under the terms of the Plan, the Trust Assets will be transferred to the Trust created and evidenced hereby so that (i) the Trust Assets can be held in trust for the benefit of the Beneficiaries entitled thereto as a liquidating trust in accordance with Treasury Regulation Section 301.7701-4(d) for the objectives and purposes set forth herein and in the Plan, (ii) the Claims (as defined in the Plan) can be resolved, (iii) Distributions (as defined in the Plan) may be made in accordance with the Plan, (iv) the Trust Assets can be liquidated, and (v) administrative services relating to the activities of the Trust and relating to the implementation of the Plan can be performed by the Liquidating Trustee.

## DECLARATION OF TRUST

NOW, THEREFORE, to declare the terms and conditions hereof, and in consideration of the confirmation of the Plan pursuant to the Bankruptcy Code and other good and valuable consideration, the receipt of which is hereby acknowledged, the Debtor and the Liquidating Trustee have executed this Trust Agreement for the benefit of the Beneficiaries entitled to the Trust Assets, and, at the direction of such Beneficiaries (because the transfer of title to undivided interests in each of the Trust Assets to such Beneficiaries, and the transfer of such interests by such Beneficiaries to the Trust, would be impractical), and Debtor is absolutely and irrevocably assigning to the Liquidating Trustee and to its successors or assigns, all right, title, and interest of the Debtor and the Debtor's Estate in and to the Trust Assets in the form and manner provided for in the Plan;

TO HAVE AND TO HOLD unto the Liquidating Trustee and its successors in trust and its successors and assigns;

IN TRUST NEVERTHELESS, under and subject to the terms and conditions of the Plan and this Trust Agreement for the benefit of the Beneficiaries of the Trust (as their respective interests may appear in accordance with the Plan and this Trust Agreement);

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Trust Assets are to be held and applied by the Liquidating Trustee subject to the further covenants, conditions, and terms set forth below.

**ARTICLE 1**
**DEFINITIONS**

**1.1**    **Terms Used in the Plan**. If not defined in this Trust Agreement, capitalized terms have the meanings assigned to them in the Plan.

**1.2**    **General Construction**. As used in this Trust Agreement, the masculine, feminine and neuter genders, and the plural and singular numbers shall be deemed to include the others in all cases where they would apply. "Includes" and "including" are not limiting, and "or" is not exclusive. References to "Articles," "Sections" and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute or regulation, refer to the corresponding Articles, Sections, and other subdivisions of this Trust Agreement, and the words "herein," "hereafter," and words of similar import refer to this Trust Agreement as a whole and not to any particular Article, Section, or subdivision of this Trust Agreement.

**ARTICLE 2**
**THE TRUST**

**2.1**    **Creation and Name**. There is hereby created the Trust, which shall be known as the "Eos Airlines, Inc. Liquidating Trust."

**2.2**    **Objectives and Purposes**. The purpose of the Trust is to provide a mechanism for the liquidation of the Trust Assets, and to distribute the proceeds of the liquidation, net of all claims, expenses, charges, liabilities, and obligations of the Trust, to the holders of Beneficial Interests and certain Allowed Claims in accordance with the terms of the Plan. No business activities will be conducted by the Trust other than those associated with or related to the liquidation of the Trust Assets. It is intended that the Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of section 301.7701 4(d) of the Treasury Regulations. In furtherance of this objective, the Liquidating Trustee shall make continuing commercially reasonable efforts to (i) dispose of the Trust Assets, (ii) make timely Distributions, and (iii) not unduly prolong the duration of the Trust, in accordance with this Trust Agreement. The purposes of the Trust include, but are not limited to the following:

(a)    to marshal, liquidate, and distribute the Trust Assets in an expeditious but orderly manner;

(b)    to perform the functions and take the actions provided for or permitted by this Trust Agreement and in any other agreement executed by the Liquidating Trustee for the Trust pursuant to the Plan;

(c)     to prosecute, settle, or abandon any Avoidance Actions and any Causes of Action transferred and assigned to the Trust under the Plan as Trust Assets and to distribute the proceeds of any recoveries thereon in accordance with the terms of the Plan and this Trust Agreement; and

(d)     to reconcile, object to, prosecute, or settle all Claims held by or against the Debtor for purposes of determining the appropriate amount of Distributions to be made hereunder to the Beneficiaries and payments to other claimants under the terms and conditions set forth in this Trust Agreement.

**2.3     Acceptance**. The Liquidating Trustee has been appointed pursuant to the Plan. Effective as of the Effective Date of the Plan, the Liquidating Trustee accepts the trust terms imposed under this Trust Agreement and agrees to manage the Trust in accordance with this Trust Agreement and subject to the terms and conditions of the Plan.

**2.4     Further Assurances; Cooperation**. The Debtor, or an authorized agent thereof, shall, upon reasonable request of the Liquidating Trustee, take such actions and execute, acknowledge, and deliver such further instruments as may be necessary or proper to transfer and assign to the Trust any portion of the Trust Assets intended to be transferred and assigned hereby in the form and manner provided for in the Plan and to vest in the Liquidating Trustee the powers, instruments, or funds in trust hereunder.  The Debtor shall transfer to the Trust such claims, files and other documents which are under its custody or control and which are required to fulfill or satisfy all obligations hereunder.

**2.5     Nature of Trust Assets**. The Trust shall not receive transfers of any listed stock or securities or any readily marketable assets, or any operating assets of an ongoing business. Furthermore, the Trust shall not receive transfers of any unlisted stock of a single issuer that represents 80 percent or more of the stock of such issuer, and shall not receive transfers of any general or limited partnership interests.

**2.6     Recordation**. This Trust Agreement shall be recorded in such places as the Liquidating Trustee shall deem necessary or advisable to evidence the ownership of all Trust Assets.

**2.7     Incidents of Ownership**. The Beneficiaries shall be the sole beneficiaries of the Trust and the Liquidating Trustee shall retain only such incidents of ownership as are necessary to undertake the actions and transactions authorized herein.

## ARTICLE 3
## THE LIQUIDATING TRUSTEE

**3.1     Number and Qualifications**. Except as otherwise provided herein, there shall be one Liquidating Trustee of the Trust, who shall be the Person approved by the Bankruptcy Court as provided in the Plan. The Liquidating Trustee shall give a bond or other surety in an amount to be approved by the Oversight Committee and to be filed with the Bankruptcy Court.  All costs and expenses of procuring any such bond shall be paid as a Trust Cost (as defined herein). The Debtor and Oversight Committee specifically recognize and acknowledge that the Liquidating Trustee engages in other activities unrelated to the Liquidating Trust herein, and agree that the Liquidating Trustee shall be entitled to engage in such other activities as the Liquidating Trustee,

in his sole discretion, deems appropriate, so long as such activities are not in conflict with the interests of the Trust and the Liquidating Trustee devotes such time as is necessary to fulfill all of the Liquidating Trustee's duties as Liquidating Trustee. No holder of a Claim against or Interest in the Debtor may serve as Liquidating Trustee.

**3.2** **Action by Liquidating Trustee**. The Trust shall be managed by the Liquidating Trustee as set forth in this Trust Agreement.

**3.3** **Binding Nature of Liquidating Trustee's Action**. All actions taken and determinations made by the Liquidating Trustee in accordance with the provisions of the Plan or this Trust Agreement shall be final and binding upon any and all Persons holding Beneficial Interests in the Trust.

**3.4** **Term of Service**. The Liquidating Trustee shall serve as the Liquidating Trustee for the duration of the Trust, subject to his or her earlier death, resignation, or removal.

**3.5** **Resignation**. The Liquidating Trustee may resign as Liquidating Trustee of the Trust by an instrument in writing delivered to the Oversight Committee at least thirty (30) days before the proposed effective date of resignation. The Liquidating Trustee shall continue to serve as Liquidating Trustee after the delivery of the Liquidating Trustee's resignation until the proposed effective date of the Liquidating Trustee's resignation, unless the Oversight Committee consents by majority vote to an earlier effective date of the Liquidating Trustee's resignation, which shall be the date appointment of a successor Liquidating Trustee in accordance with Section 3.7 hereof becomes effective, but nothing in this Section 3.5 shall restrict the right to remove the Liquidating Trustee as provided in Section 3.6 hereof. Upon the effective date of the Liquidating Trustee's resignation, the Liquidating Trustee shall be paid all compensation due it hereunder within five (5) business days.

**3.6** **Removal**. The Liquidating Trustee may be removed from office by the Oversight Committee, upon majority vote, with cause immediately, or without cause upon thirty (30) days notice. Cause shall include: (i) fraud or willful misconduct in connection with the affairs of the Trust, (ii) a physical and/or mental disability that substantially prevents the Liquidating Trustee from performing the duties of Liquidating Trustee hereunder, or (iii) breach of fiduciary duty or an unresolved conflict of interest. In the event the Liquidating Trustee is removed without cause, within five (5) business days of the effective date of such removal, the Liquidating Trustee shall be paid all compensation and reimbursement of expenses due it. In the event the Liquidating Trustee is removed for cause, the Liquidating Trustee shall apply to the Bankruptcy Court, which shall have original jurisdiction, for an award of its fees and reimbursement of its expenses.

**3.7** **Appointment of Successor Liquidating Trustee**.

**3.7.1** **Appointment of Successor Liquidating Trustee**. In the event of a vacancy by reason of the death or removal of the Liquidating Trustee or prospective vacancy by reason of resignation, a successor Liquidating Trustee shall be appointed by the Oversight Committee upon a majority vote. The Oversight Committee may appoint a successor Liquidating Trustee as soon as practicable, but in any event within thirty (30) days after the occurrence of the vacancy or, in the case of resignation, at least thirty (30) days before the proposed resignation. If

the Oversight Committee fails to appoint a successor Liquidating Trustee within the prescribed period or cannot select a successor by a majority vote, any member of the Oversight Committee or any Beneficiary may petition the Bankruptcy Court to appoint a proposed successor Liquidating Trustee. If the Oversight Committee and the Beneficiaries fail to appoint a successor Liquidating Trustee, then (i) if the Liquidating Trustee is resigning pursuant to Section 3.5, the Liquidating Trustee may appoint a qualified successor, or (ii) if the Liquidating Trustee is removed pursuant to Section 3.6 or upon the Liquidating Trustee's death, the Bankruptcy Court may appoint a successor Liquidating Trustee.

      **3.7.2**   <u>**Vesting of Rights in Successor Liquidating Trustee**</u>. Every successor Liquidating Trustee shall execute, acknowledge, and deliver to the Trust, the Oversight Committee, and the retiring Liquidating Trustee, if any, an instrument accepting such appointment subject to the terms and provisions hereof. The successor Liquidating Trustee shall provide a bond or surety as provided in Section 3.1. The successor Liquidating Trustee, without any further act, deed or conveyance, shall become vested with all the rights, powers, trusts and duties of the predecessor Liquidating Trustee, except that the successor Liquidating Trustee shall not be liable for the acts or omissions of the predecessor Liquidating Trustee.

      **3.8**   <u>**Continuance of Trust**</u>. The death, resignation, or removal of the Liquidating Trustee shall not operate to terminate the Trust created by this Trust Agreement or to revoke any existing agency (other than any agency of the Liquidating Trustee as the Liquidating Trustee) created pursuant to the terms of this Trust Agreement or invalidate any action taken by the Liquidating Trustee, and the Liquidating Trustee agrees that the provisions of this Trust Agreement shall be binding upon and inure to the benefit of the Liquidating Trustee and the Liquidating Trustee's legal and personal representatives, successors or assigns, as the case may be. In the event of the resignation or removal of the Liquidating Trustee, the Liquidating Trustee shall promptly (i) execute and deliver by the effective date of resignation or removal such documents, instruments, and other writings as may be reasonably requested by the successor Liquidating Trustee to effect the termination of the resigning or removed Liquidating Trustee's capacity under this Trust Agreement and the conveyance of the Trust Assets then held by the resigning or removed Liquidating Trustee to the successor Liquidating Trustee; (ii) deliver to the successor Liquidating Trustee all documents, instruments, records, and other writings relating to the Trust as may be in the possession or under the control of the resigning or removed Liquidating Trustee; and (iii) otherwise assist and cooperate in effecting the assumption of the resigning or removed Liquidating Trustee's obligations and functions by the successor Liquidating Trustee. The resigning or removed Liquidating Trustee hereby irrevocably appoints the successor Liquidating Trustee with full power of substitution to perform any and all acts that such resigning or removed Liquidating Trustee is obligated to perform under this Section 3.8. Such appointment shall not be affected by the subsequent disability or incompetence of the Liquidating Trustee making such appointment.

      **3.9**   <u>**Compensation**</u>. As compensation for services as Liquidating Trustee, and under any other agreements to which the Liquidating Trustee is a party as contemplated by the Plan, the Liquidating Trustee shall receive compensation on a monthly basis in the form of an hourly rate to be agreed upon by and between the Oversight Committee and the Liquidating Trustee, provided however, that such compensation shall not exceed Two Hundred Thousand ($200,000.00) per annum (as measured from the Effective Date) unless the Oversight

Committee, acting in its sole discretion, has raised or removed such annum maximum. In addition, the Trustee shall be reimbursed for his reasonable expenses on a monthly basis, including travel expenses, reasonably required and incurred in the performance of his duties. Compensation of any successor Liquidating Trustee shall be determined and approved by majority vote of the Oversight Committee.

**3.10** **Standard of Care; Indemnification; Exculpation**. The Liquidating Trustee, acting in the capacity as the Liquidating Trustee or in any other capacity contemplated by this Trust Agreement or the Plan, and the members of the Oversight Committee shall not be personally liable in connection with the affairs of the Trust to the Trust or to any Person except for such of the Liquidating Trustee's or Oversight Committee member's acts or omissions that constitute fraud, willful misconduct, or gross negligence, each as finally determined by a court of competent jurisdiction. The Liquidating Trustee shall not be personally liable to the Trust or to any Person for the acts or omissions of any officer, employee, or agent of the Trust unless the Liquidating Trustee acted with gross negligence or willful misconduct in the selection, retention, or supervision of such officer, employee, or agent of the Trust. Except in those situations in which the Liquidating Trustee is not exonerated of personal liability in accordance with the foregoing, the Liquidating Trustee (including each former Liquidating Trustee) shall be indemnified by the Trust against and held harmless by the Trust from any losses, claims, damages, liabilities or expenses (including, without limitation, attorney fees, disbursements, and related expenses) to which the Liquidating Trustee may become subject in connection with any action, suit, proceeding, or investigation brought or threatened against the Liquidating Trustee in the Liquidating Trustee's capacity as Liquidating Trustee, or in any other capacity contemplated by this Trust Agreement or the Plan or in connection with any matter arising out of or related to the Plan, this Trust Agreement, or the affairs of the Trust. If the Liquidating Trustee becomes involved in any action, proceeding, or investigation in connection with any matter arising out of or in connection with the Plan, this Trust Agreement or the affairs of the Trust, the Trust shall periodically advance or otherwise reimburse on demand the Liquidating Trustee's reasonable legal and other expenses (including, without limitation, the cost of any investigation and preparation and attorney fees, disbursements, and related expenses) incurred in connection therewith, but the Liquidating Trustee shall be required to repay promptly to the Trust the amount of any such advanced or reimbursed expenses paid to the Liquidating Trustee to the extent that it shall be ultimately determined by Final Order that the Liquidating Trustee engaged in fraud, willful misconduct, or gross negligence in connection with the affairs of the Trust with respect to which such expenses were paid. The Trust shall indemnify and hold harmless the employees and agents of the Trust, including the members of the Oversight Committee, to the same extent as provided in this Section 3.10 for the Liquidating Trustee. The provisions of this Section 3.10 shall remain available to and be binding on any former Liquidating Trustee or the estate of any decedent Liquidating Trustee.

**3.11** **Reliance by Liquidating Trustee**. The Liquidating Trustee may rely, and shall be fully protected in acting or refraining from acting, on any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that the Liquidating Trustee believes to be genuine and to have been signed or presented by the proper party or parties or, in the case of facsimiles, to have been sent by the proper party or parties, and the Liquidating Trustee may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein, to the extent such writings conform to the

requirements of this Trust Agreement. The Liquidating Trustee may consult with counsel, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or suffered by the Liquidating Trustee in accordance therewith. The Liquidating Trustee shall have the right at any time to seek instructions from the Bankruptcy Court (or any other court of competent jurisdiction after the Chapter 11 Case is finally closed) concerning the Trust Assets, this Trust Agreement, the Plan, or any other document executed in connection therewith, and any such instructions given shall be full and complete authorization in respect of any action taken or suffered by the Liquidating Trustee in accordance therewith.

**3.12    Reliance by Persons Dealing With the Trust**. In the absence of actual knowledge to the contrary, any person dealing with the Trust shall be entitled to rely on the authority of the Liquidating Trustee to act in connection with the acquisition, management, or disposition of Trust Assets and shall have no obligation to inquire into the existence of such authority. Upon the sale by the Liquidating Trustee of any portion of the Trust Assets, such Trust Assets shall be delivered to the purchaser thereof free and clear of any liens or other encumbrances, claims, or interests of the Liquidating Trustee or the Beneficiaries, except as may otherwise be agreed to by the purchaser.

**3.13    Discharge of Liquidating Trustee**.

**3.13.1    Statement of Discharge**. The Liquidating Trustee shall upon termination of the Trust or upon the Liquidating Trustee's resignation, removal, or death (in which case the Liquidating Trustee's estate shall) render a statement of charge and discharge containing the following information: (i) all assets and funds of the Trust originally charged under the Liquidating Trustee's control, (ii) a summarized accounting, in sufficient detail, of all purchases, sales, gains, losses, and income in connection with the Trust during the Liquidating Trustee's term of service, and (iii) the ending balance of all assets and funds of the Trust as of the date of discharge. At the discretion of the Liquidating Trustee and Oversight Committee, such statement may be audited by independent accountants in accordance with generally accepted auditing standards.

**3.13.2    Approval of Statement of Discharge**. The statement of charge and discharge required by Section 3.13.1 shall be presented to the Oversight Committee. Unless a majority of the Oversight Committee requests that such statement of charge and discharge not be approved within thirty (30) days after the date on which such statement of charge and discharge was presented to the Oversight Committee, the withdrawing Liquidating Trustee shall be discharged from all liability to the Trust or any Person who has had or may then or thereafter have an interest in the Trust for acts or omissions in the Liquidating Trustee's capacity as the Liquidating Trustee or in any other capacity contemplated by this Trust Agreement or the Plan.

**3.13.3    Costs Relating to Statement of Discharge**. The expenses of any accounting, including, but not limited to any statement of charge or discharge, shall be paid by the Trust as a Trust Cost.

# ARTICLE 4
## OVERSIGHT COMMITTEE

**4.1** **Appointment of the Oversight Committee**. Upon the Effective Date, the Oversight Committee shall be appointed. The Oversight Committee shall consist of three members appointed from among members of the Committee or their delegates, appointees, agents or proxies. If three members of the Committee are not willing to serve on the Oversight Committee, counsel for the Committee or counsel for the Debtor may solicit potential Oversight Committee members from among those holding Allowed Class 4 General Unsecured Claims, beginning with the largest Allowed Class 4 General Unsecured Claim holder or holders and proceeding in order of the amount of each Allowed General Unsecured Claim. Holders of Allowed Class 4 General Unsecured Claims that also hold Class 5 Claims or Interests shall not be eligible for participation or membership on the Oversight Committee.

**4.1.1** **Term of Oversight Committee Members**. Oversight Committee members shall serve until the later of (i) the effective date of the resignation or removal of such member; (ii) the date on which the Liquidating Trustee has finally determined that no additional Trust Assets exist for distribution to holders of Class 4 Beneficial Interests; or (iii) the termination of the Liquidating Trust pursuant to the terms of this Trust Agreement.

**4.1.2** **Confidentiality of Information and Conflicts of Interest**. Upon appointment to the Oversight Committee, each member shall execute and deliver to the Liquidating Trustee a confidentiality agreement in substantially the form attached hereto as Exhibit A (the "Confidentiality Agreement"). The Liquidating Trustee shall have authority to exclude any Oversight Committee member from any deliberations, or withhold any information from any Oversight Committee member, regarding matters affecting the Trust or Trust Assets in which such excluded member is encumbered by a conflict of interest. The non-conflicted members of the Oversight Committee may overrule the Liquidating Trustee's decision to exclude or withhold information from a conflicted member by unanimous vote of any non-conflicted members; provided, however, that the Liquidating Trustee shall not be liable in any way for any statements made or actions taken by such conflicted member following such overruling by the Oversight Committee, and the Oversight Committee and the Trust shall hold the Liquidating Trustee harmless for any claims that may arise as a result of such conflicted member's statements and actions and indemnify the Liquidating Trustee against any such claims. Any Oversight Committee member that is excluded from deliberations or denied access to information under this Section may challenge the Liquidating Trustee's determination in accordance with the dispute resolution procedures set out in Section 5.5 of this Trust Agreement.

**4.2** **Powers and Duties of Oversight Committee**. The Oversight Committee shall review the activities and performance of and advise and direct the Liquidating Trustee, and will have authority to remove and/or replace the Liquidating Trustee as set forth in Sections 3.6 and 3.7 hereof. Without limiting the foregoing, neither the Oversight Committee nor its respective members shall exercise any control or authority over the Liquidating Trust or the Trust Assets that is inconsistent with the provisions of this Trust Agreement.

**4.2.1** **Retention of Professionals**. The Oversight Committee and individual members thereof may retain professionals in the performance of their respective duties hereunder

at their own expense. Except as provided in Section 3.10, neither the Trust nor the Liquidating Trustee shall be responsible or in any way liable for the Fees and/or expenses of professionals retained by the Oversight Committee or its members. Cohen Tauber Spievack & Wagner, P.C. shall be primary and general counsel to the Liquidation Trust and the Liquidation Trustee unless removed by a majority vote of the Oversight Committee. Additional and other professionals may be retained by the Liquidation Trust and the Liquidating Trustee in accordance with the provisions of Section 5.4 herein.

       **4.2.2**   **Reliance by Oversight Committee Members**. The Oversight Committee members may rely, and shall be fully protected in acting or refraining from acting, on any resolution, statement, certificate, instrument, opinion, report, notice, request, consent, order, or other instrument or document that the Oversight Committee member has no reason to believe to be other than genuine and to have been signed or presented by the proper party or parties or, in the case of facsimiles, to have been sent by the proper party or parties, and the Oversight Committee members may conclusively rely as to the truth of the statements and correctness of the opinions expressed therein. The Oversight Committee members may consult with any counsel employed by the Trust, and any opinion of counsel shall be full and complete authorization and protection in respect of any action taken or suffered by the Oversight Committee in accordance therewith.

       **4.3**   **Resignation or Death of Oversight Committee Members**. Upon the resignation or death of a member of the Oversight Committee appointed by the Committee, the remaining members of the Oversight Committee appointed by the Committee shall nominate a replacement member from either (i) the former members of the Committee or (ii) if no former member of the Committee accepts such nomination, then from among the Class 4 Beneficial Interest holders that did not hold a Class 5 Claim or Interest on the Effective Date of the Plan. A member of the Oversight Committee may resign at any time.

       **4.4**   **Removal of Oversight Committee Members**. A member of the Oversight Committee may be removed from office upon the unanimous vote of the Liquidating Trustee and the other members of the Oversight Committee for (i) fraud or willful misconduct in connection with the affairs of the Trust; (ii) such physical or mental disability as substantially prevents such Oversight Committee member from performing the duties of a member of the Oversight Committee; or (iii) for cause, including breach of fiduciary duty or an unresolved conflict of interest. Any Oversight Committee member removed under this Section 4.4 will be replaced in accordance with Section 4.3 of this Agreement.

       **4.5**   **Compensation of Oversight Committee**. The Oversight Committee shall not be compensated for services rendered to the Trust. However, the Oversight Committee members shall be reimbursed for all reasonable out-of-pocket expenses incurred by serving on the Oversight Committee, except fees and expenses of professionals retained by individual members of the Oversight Committee.

       **4.6**   **Failure to Form or Act**. If less than three members of the Committee or holders of Class 4 Allowed General Unsecured Claims agree to serve on the Oversight Committee, then counsel for the Committee may appoint independent third parties to serve on the Oversight Committee. Such individual(s) or entity(s) shall not be a former employee of the Debtor and

shall not hold a Class 5 Claim or Interest. If an Oversight Committee cannot be formed then each reference to the Oversight Committee found within this Trust Agreement will be disregarded and the Liquidating Trustee may act in accordance with this Trust Agreement without regard or reference to the Oversight Committee.

## ARTICLE 5
## POWERS OF THE LIQUIDATING TRUSTEE

**5.1** <u>**Title**</u>. Legal title to all Trust Assets shall be vested in the Liquidating Trustee, in his capacity as Trustee, except that the Liquidating Trustee, upon approval by a majority of the Oversight Committee, shall have the power to cause legal title (or evidence of title) to any of the Trust Assets to be held by any nominee or Person, on such terms, in such manner, and with such powers as the Liquidating Trustee hereunder may determine.

**5.2** <u>**Management Power**</u>. Except as otherwise expressly limited in this Trust Agreement or the Plan, and subject to the direction of the Oversight Committee, the Liquidating Trustee shall have control and authority over the Trust Assets, including all Avoidance Actions, and any other Causes of Action transferred and assigned to the Trust under the Plan as Trust Assets, over the management and disposition thereof (including any transfer of Trust Assets that does not constitute a disposition) over the management of the Trust to the same extent as if the Liquidating Trustee were the sole owner thereof in its own right. Except as provided in the Plan, or otherwise specified in the Trust Agreement, the Liquidating Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder, or account to any court in the absence of a breach of trust. Subject to the Provisions of Sections 3.10 and 3.11 hereof, the Liquidating Trustee shall exercise its judgment for the benefit of the Beneficiaries in order to maximize the value of Distributions, giving due regard to the cost, risk, and delay of any course of action. In connection with the management and use of the Trust Assets, the Liquidating Trustee's powers, except as otherwise expressly limited in this Trust Agreement, or the Plan, shall include, but shall not be limited to, the following:

(a) to accept the Trust Assets, to pursue the liquidation and marshaling of the Trust Assets, and to preserve and protect the Trust Assets;

(b) subject to Section 6.1.1 of this Trust Agreement, and in accordance with Section 1123(b)(3)(B) of the Bankruptcy Code and the Plan, to engage in, intervene in, prosecute, join, defend, settle, compromise, abandon or adjust, by arbitration or otherwise, any actions, suits, proceedings, disputes, claims, controversies, demands or other litigation relating to the Plan, the Trust, the Trust Assets or the Trust's affairs, to enter into agreements relating to the foregoing, whether or not any suit is commenced or claim accrued or asserted and, in advance of any controversy, to enter into agreements regarding arbitration, adjudication or settlement thereof, all in the name of the Liquidating Trust if necessary or appropriate, and institute or continue actions which were or otherwise could have been brought by the Debtor, and prosecute or defend all litigation or appeals on behalf of the Debtor or the Trust and, when appropriate, settle such actions and claims;

(c) subject to Section 6.1.1 of this Trust Agreement, and in accordance with Section 1123(b)(3) of the Bankruptcy Code and the Plan, to own and retain, and prosecute, enforce,

compromise, settle, release, or otherwise dispose of, all Avoidance Actions, Causes of Action and any and all other claims, defenses, counterclaims, setoffs, and recoupments transferred and assigned to the Trust under the Plan as Trust Assets;

(d)     to make or cause to be made Distributions of Available Cash on the Distribution Date, as that term is defined in the Plan;

(e)     to liquidate and distribute Trust Assets or any part thereof or any interest therein, and to dispose, sell or otherwise transfer for value of the Trust Assets for Cash or upon such terms and for such consideration as the Liquidating Trustee deems proper;

(f)     to engage in all acts that would constitute ordinary performance of the obligations of a trustee under a liquidating trust and to file all returns of the Trust as a grantor trust for the Beneficiaries pursuant to Treasury Regulation Section 1.671-4(a) or (b);

(g)     to enforce the payment of notes or other obligations of any Person or to make contracts with respect thereto;

(h)     to purchase insurance with such coverage and limits as it deems desirable consistent with the budget referred to in Section 6.1.2, including, without limitation, insurance covering liabilities of the Liquidating Trustee or employees or agents of the Trust incurred in connection with their services to the Trust;

(i)     to appoint, engage, employ, supervise, and compensate officers, employees, and other Persons as are deemed necessary by the Liquidating Trustee for the proper administration of the Trust, including managers, consultants, accountants, technical, financial, real estate, or investment advisors or managers, attorneys, agents or brokers, corporate fiduciaries, or depositories and the Registrar and disbursing agent;

(j)     subject to the limitations in Section 6.2, to the extent reasonably required to meet claims and contingent liabilities (including Disputed Claims) or to maintain the value of assets during liquidation, to invest and reinvest Cash available to the Trust, pending distribution, and to liquidate such investments (however, during its existence, the Trust shall not receive or retain cash or cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including Disputed Claims) or to maintain the value of its assets during liquidation);

(k)     to execute, deliver, and perform any closing agreement made with the IRS, if applicable;

(l)     to determine the manner of ascertainment of income and principal, and the apportionment of income and principal, and the apportionment between income and principal of all receipts and disbursements, and to select an annual accounting period;

(m)     establish such funds, reserves and accounts within the Trust estate, as deemed by the Liquidating Trustee in its discretion to be useful in carrying out the purposes of the Trust, and take any necessary actions in connection with such funds, reserves and accounts, including,

without limitation, issue wire or electronic transfers, sign checks and designate any third parties to take such actions;

(n)     sue and be sued and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding;

(o)     delegate any or all of the discretionary power and authority herein conferred at any time with respect to all or any portion of the Trust estate to any one or more reputable individuals or recognized institutional advisers or investment managers without liability for any action taken or omission made because of any such delegation, except for such liability as is provided in Section 3.10;

(p)     consult with the Oversight Committee at such times and with respect to such issues relating to the conduct of the Trust as the Liquidating Trustee considers desirable and in accordance with the terms of the Trust Agreement;

(q)     undertake any duties or obligations and exercise any rights concerning the treatment of Claims or Equity Interests under the Plan;

(r)     execute, deliver and perform such other agreements and documents and to take or cause to be taken any and all such other actions as it may deem necessary or desirable to effectuate and carry out the purposes of this Trust Agreement; and

(s)     as soon as is practicable, request that the Bankruptcy Court enter a final decree fully and finally closing the Chapter 11 Case;

(t)     undertake any action or perform any obligation provided for or required by the Plan;

(u)     to take all steps necessary to wind down the affairs of the Debtor including, without limitation, ratifying the cancellation of all shares of the Debtor, terminating the corporate existence of the Debtor and accepting the resignation of the Debtor's officers and directors;

(v)     to set off amounts owed to the Debtor against any and all amounts otherwise due to be distributed to the holder of an Allowed Claim under the Plan;

(w)     to abandon any property constituting a Trust Asset that cannot be sold or otherwise disposed of for value and whose distribution to holders of Allowed Claims would not be feasible or cost-effective in the reasonable judgment of the Liquidating Trustee.

**5.3     Commingling of Trust Assets**. The Liquidating Trustee shall not commingle any of the Trust Assets with its own property or the property of any other Person.

**5.4     Employment and Compensation of Professionals**. Subject to Section 4.2.1 hereof, the Liquidating Trustee shall have the authority, in consultation with and subject to the approval of the Oversight Committee, to employ and compensate attorneys, accountants, investment advisors and other professionals, including a Registrar and a disbursing agent to make Distributions (collectively, the "Liquidating Trustee Professionals") as determined from

time to time by the Liquidating Trustee. The Liquidating Trustee may pay the reasonable fees and expenses of such professionals as a Trust Cost (including, without limitation, fees and expenses incurred by the Liquidating Trustee in the negotiation of this Trust Agreement not to exceed $_____) without application to the Bankruptcy Court. Upon request by any member of the Oversight Committee, the Liquidating Trustee will provide copies of any invoices or billing summaries relating to professional fees incurred by the Trust.

      **5.5**    **Dispute Resolution**. In the event of a dispute between the Liquidating Trustee and the Oversight Committee involving an allegation that either party has failed to act in a manner consistent with the Plan or the Trust Agreement, or is in breach of any applicable fiduciary duty, the parties shall meet and confer and attempt to reach a consensual resolution of the dispute. Should a consensual resolution not be reached, the Liquidating Trustee or any member of the Oversight Committee may seek appropriate relief from the Bankruptcy Court, and the Bankruptcy Court shall retain jurisdiction to resolve such disputes.

## ARTICLE 6
## OBLIGATIONS OF THE LIQUIDATING TRUSTEE

      **6.1**    **Reports and Records**.

      **6.1.1**    **Consultation**. The Liquidating Trustee shall consult with the Oversight Committee in good faith regarding all material issues affecting the Trust, including the resolution of objections to Claims resulting in an Allowed Claim exceeding $50,000, the pursuit, prosecution, settlement or abandonment of any Avoidance Actions, or other Causes of Action for which the potential recovery by the Trust exceeds $50,000, and the disposition of Trust Assets, except to the extent the Oversight Committee or an individual Oversight Committee member is encumbered by a conflict of interest, as provided in Section 4.1.2. In addition, the Liquidating Trustee shall seek the advice of the Oversight Committee regarding proposed budgets for the Trust, setting forth expected receipts and disbursements for litigation, operations, and other purposes.

      **6.1.2**    **Budget**. At the request of the Oversight Committee, the Liquidating Trustee shall cause to be prepared within thirty (30) days before the end of each fiscal year, budget and cash flow projections covering the next fiscal year and each succeeding fiscal year for which estimates are feasible.

      **6.1.3**    **Interim Reports to Oversight Committee**. During the term of this Trust, the Liquidating Trustee shall report to the Oversight Committee, on a quarterly basis, the status and the amount of the Trust Assets, the amount and recipient of any Distributions made to the date of such report, the status of any Trust Reserves established pursuant to this Trust Agreement and the amount maintained in each such Trust Reserve and the disbursements of fees and expenses incurred by the Liquidating Trustee and any professionals, and such other information as the Oversight Committee shall reasonably request.

      **6.1.4**    **Distribution of Reports**. Within ten (10) business days after the end of the relevant report preparation period, the Liquidating Trustee shall distribute any information listed in Section 6.1.3 above to the Oversight Committee and (if requested) to the Office of the

United States Trustee, and shall file the same with the Bankruptcy Court to the extent otherwise required by the Federal Rules of Bankruptcy Procedure or other local rules. Upon request, the Liquidating Trustee shall provide copies of any quarterly or annual reports to any Beneficiary of record.

**6.1.5** **Records**. The Liquidating Trustee shall maintain records and books of account relating to the Trust Assets, the management thereof and all transactions undertaken by the Liquidating Trustee, which records and books of account shall be maintained in accordance with GAAP consistently applied, except to the extent that any change is approved by the Trust's independent public accountants. The Liquidating Trustee shall also maintain records and books of account relating to all Distributions contemplated under the Plan.

**6.2** **Eligible Investments**. Cash held pending distribution, including Cash held in Trust Reserves, shall, to the extent permitted by applicable law, be invested by the Liquidating Trustee in (i) direct obligations of, or obligations guaranteed by, or obligations secured by, the United States of America (including without limitation United States Treasury Bills); (ii) obligations of any agency or corporation that is or may hereafter be created by or pursuant to an Act of the Congress of the United States as an agency or instrumentality thereof, or (iii) demand deposits or short-term certificates of deposit at any bank or trust company that has, at the time of the acquisition by the Liquidating Trustee of such investments, capital stock and surplus aggregating at least $100 million and whose short-term debt obligations are rated by at least two nationally recognized statistical rating organizations in one of the two highest categories therefore but the scope of any such permissible investments shall be limited to include only those investments, or shall be expanded to include any additional investments, as the case may be, that a liquidating trust, within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold, pursuant to any amendment or addition to the Internal Revenue Code or to the Treasury Regulations, or any modification in IRS guidelines whether set forth in IRS rulings, other IRS pronouncements, or otherwise. Such investments shall mature in such amounts and at such times as, in the judgment of the Liquidating Trustee at the times such investments are made, are necessary, or are desirable with a view to providing funds when needed to make payments from the Trust Assets. Any investment purchased with the Trust Assets shall be deemed a part of the Trust Assets. All interest, distributions, dividends and proceeds received by the Liquidating Trustee in respect of such investments shall be a part of the Trust Assets.

**6.3** **Access to Information by Beneficiaries**. Each Beneficiary, at its own cost, shall have access to the business records of the Trust for the purpose of obtaining information relating to the management of Trust Assets for any purpose reasonably related to the interests generally of the Beneficiaries, so long as access is reasonably exercised during normal business hours (after at least two business days' notice to the Liquidating Trustee), does not constitute an undue burden on the Liquidating Trustee, and is not detrimental to the Trust. Nothing herein contained is intended to restrict any Beneficiary from access to the business records of the Liquidating Trustee, which the Liquidating Trustee, in its discretion elects to provide.

**6.4** **United States Trustee Fees**. Following transfer of all Estate Assets to the Trust on the Effective Date, the Trust shall not be obligated to pay any U.S. Trustee Fees pursuant to 28 U.S.C. § 1930(a)(6). The Estate shall retain sufficient Estate Cash to pay any U.S. Trustee Fees arising from the initial transfer of Estate Assets to the Trust and to satisfy future U.S.

Trustee Fees arising between the Effective Date and the date on which the Chapter 11 Case is closed or dismissed.

## ARTICLE 7
## BENEFICIAL INTERESTS

7.1 **Allocation of Class 4 Beneficial Interests**. Within sixty (60) days of the Effective Date, the Trust shall allocate as of the Effective Date to each holder of a Class 4 General Unsecured Claim, a Class 4 Beneficial Interest in the Trust equal to the ratio that the amount of such holder's Class 4 General Unsecured Claim bears to the total amount of all Class 4 General Unsecured Claims. The allocation of Class 4 Beneficial Interests shall be made as if all Disputed Claims were Allowed Claims as of the Effective Date.

7.2 **Register Entries Regarding Beneficial Interests**. The Liquidating Trustee or the Registrar shall make the following notations in the Trust Register:

(a) a notation reflecting the Class 4 Beneficial Interest and Claim held by each Beneficiary holding an Allowed Class 4 General Unsecured Claim, and the Pro Rata share of Trust Assets allocable to each holder of a Class 4 Beneficial Interest;

(b) a notation reflecting the Class 4 Beneficial Interest and Claim held by each Beneficiary holding a Disputed Class 4 General Unsecured Claim (a "Reserved Beneficial Interest"), and the Pro Rata share of Trust Assets allocable to each holder of a Reserved Beneficial Interest; and

7.3 **Allocation of Beneficial Interests to Holders of Disputed Claims**. The allocation of any Beneficial Interest on account of a Disputed Claim pursuant to Section 7.1 of this Trust Agreement, shall be reserved on the Trust Register maintained by the Registrar and shall become a Reserved Beneficial Interest. Any Claim filed, in whole or in part, in an unknown or undetermined amount may be estimated by the Liquidating Trustee, subject to approval by the Bankruptcy Court, and such Claim as estimated shall be deemed a Disputed Claim until otherwise allowed. To the extent all or a portion of a Disputed Claim is ultimately disallowed, the Trust shall reallocate among the remaining Beneficial Interests, the Reserved Beneficial Interest that relates to the portion of the Disputed Claim that was disallowed and either modify or remove such Beneficial Interest from the Trust Register. To the extent all or a portion of a Disputed Claim ultimately becomes an Allowed Claim, the Reserved Beneficial Interest that relates to the portion of the Disputed Claim that was allowed, shall be removed from the reserve.

7.4 **Representation of Beneficial Interest**. The Beneficial Interests shall be uncertificated. The Beneficial Interests shall be represented by appropriate book entries in the Trust Register only.

7.5 **Trust Register and Registrar**.

7.5.1 **Appointment of Registrar**. The Liquidating Trustee shall appoint a Registrar for the purpose of registering Beneficial Interests as herein provided. The Registrar may be a duly qualified institution or the Liquidating Trustee. For its services hereunder, the

Registrar, unless it is the Liquidating Trustee, shall be entitled to receive reasonable compensation as agreed to by the Oversight Committee, from the Trust as a Trust Cost.

   **7.5.2** **Register of Beneficial Interests**. The Liquidating Trustee shall cause the Trust Register to be kept at the office of the Registrar or at such other place or places that shall be designated by the Liquidating Trustee from time to time.

   **7.5.3** **Access to Register by Beneficiaries**. Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Registrar and the Liquidating Trustee, and in accordance with reasonable regulations prescribed by the Registrar and the Liquidating Trustee, to inspect and at the expense of the Beneficiary make copies of the Trust Register, in each case for a purpose reasonable and related to such Beneficiary's Beneficial Interest in the Trust.

   **7.5.4** **Absolute Owners**. The Liquidating Trustee may deem and treat the Beneficiary of record as determined pursuant to Section 7.1 or Section 7.2 of this Trust Agreement as the absolute owner of such Beneficial Interests for the purpose of receiving Distributions and payment thereon or on account thereof and for all other purposes whatsoever.

  **7.6** **Beneficial Interests Non-Transferable**. Beneficial Interests shall not be transferred other than by operation of law.

  **7.7** **Class 3 Unsecured WARN Act Claims**. For the avoidance of doubt, holders of Class 3 Unsecured WARN Act Claims are not Beneficiaries under this Trust Agreement except to the extent such holder of a Class 3 Unsecured WARN Act Claim also holds a Class 4 General Unsecured Claim, in which event only the Class 4 General Unsecured Claim shall give rise to a Beneficial Interest. The rights of holders of Class 3 Unsecured WARN Act Claims are governed by the Plan and the WARN Act Settlement Agreement.

**ARTICLE 8**
**ADMINISTRATION OF THE TRUST ESTATE**

  **8.1** **Establishment of Available Cash**. Prior to making any Distributions, the Liquidating Trustee shall determine the total amount of Available Cash, taking into account any Trust Reserves created pursuant to this Article 8. Available Cash shall consist of Trust Cash less the Administrative Expense Reserve, Priority/Secured Claim Reserve, Operating Reserve and the Disputed Claim Reserve, each as is further described in Article 8.2 hereof.

  **8.2** **Establishment of Trust Reserves and Payment of Creditor Claims**.

   **8.2.1** **Administrative Expense Reserve**. Before making any Distributions, the Liquidating Trustee may establish (in consultation with the Oversight Committee), fund and segregate a reserve account (the "Administrative Expense Reserve") with Trust Cash in an amount that the Liquidating Trustee reasonably estimates is sufficient to satisfy any obligation of the Trust to pay Allowed Administrative Claims. Upon the satisfaction of all Administrative Claims, the Administrative Expense Reserve may be dissolved and all funds held therein treated as Trust Cash available for Distribution.

**8.2.2    Priority/Secured Claim Reserve**. Before making any Distributions, and within thirty (30) days from the Effective Date, the Liquidating Trustee shall establish, in consultation with the Oversight Committee, fund and segregate a reserve account with Trust Cash sufficient to pay the claimed amount of all Priority Unsecured Tax Claims, Class 1 Secured Claims, and Class 2 Priority Unsecured Non-Tax Claims, including any applicable interest accruing from the Effective Date to the Allowance Date (the "Priority/Secured Class Claim Reserve"). Priority Unsecured Tax Claims, Class 1 Secured Claims that are secured by an interest in Trust Cash and Class 2 Priority Unsecured Non-Tax Claims shall be fully and completely satisfied by the payment of Trust Cash from the Priority/Secured Claim Reserve in an amount equal to the Allowed Priority Unsecured Tax Claim, Allowed Class 1 Secured Claim, and Allowed Class 2 Priority Unsecured Non-Tax Claim on the later of the Allowance Date or initial Distribution Date. Class 1 Secured Claims shall be entitled to Trust Cash only in the event that such Trust Cash constitutes Collateral or proceeds from the sale of Collateral. To the extent any funds held in the Priority/Secured Claim Reserve relate to a Priority Unsecured Tax Claim, Class 1 Secured Claim or Class 2 Priority Unsecured Non-Tax Claim that has either been disallowed by the Bankruptcy Court or is no longer claimed as evidenced by a written release of such Claim, then such funds shall be distributed on the next Distribution Date to holders of Beneficial Interests as if such funds were Available Cash. The Priority/Secured Class Claim Reserve shall be dissolved once all required payments have been made.

**8.2.3    Operating Reserve**. Before making any Distributions, and within thirty (30) days from the Effective Date, the Liquidating Trustee shall establish, fund and segregate a reserve account (the "Operating Reserve") with Trust Cash in the amount reasonably anticipated to be necessary to cover the payment of Trust Costs, including, but not limited to (i) the unpaid liabilities, debts or obligations of the Trust; (ii) all fees associated with the retention of either Liquidating Trustee Professionals; (iii) the costs of pursuing, litigating, settling or abandoning any Avoidance Actions or any other Causes of Action transferred and assigned to the Trust under the Plan as Trust Assets; (iv) compensation of the Liquidating Trustee; and (v) any and all other costs associated with the liquidation or preservation of the Trust Assets. The Operating Reserve may be funded from time to time with additional Trust Cash in an amount determined by the Liquidating Trustee, in consultation with the Oversight Committee, to be reasonably necessary to pay anticipated Trust Costs, fund litigation, fund contingent liabilities, and otherwise conduct the affairs of the Trust.

**8.2.4    Disputed Claims Reserve for Beneficiaries**. Within thirty (30) days from the Effective Date, the Liquidating Trustee shall establish, in consultation with the Oversight Committee, fund with Trust Cash and segregate funds sufficient to satisfy the Pro Rata amount of Trust cash distributable to holders of Beneficial Interests that would be distributed to holders of Disputed Claims as though such Disputed Claims were Allowed Claims for the gross amount of the aggregate Disputed Claims as of the Effective Date (the "Disputed Claims Reserve"). The Liquidating Trustee shall deposit into the Disputed Claims Reserve any Distribution payable to a Beneficiary holding a Reserved Beneficial Interest.

**8.3    Distributions**

**8.3.1    Distributions Generally**. Except as otherwise provided for under the Plan, the Liquidating Trustee shall only make Distributions from Available Cash. The

Liquidating Trustee shall have authority to make Distributions of Available Cash on a Distribution date (as that term is defined in the Plan) and at such other time or times as the Liquidating Trustee believes, in consultation with the Oversight Committee, there is sufficient Available Cash to warrant a Distribution. The Trust shall not, in any event, retain Trust Cash in excess of what is reasonably necessary to fund the Trust Reserves.

   **8.3.2**  <u>**Distributions to Class 4 Beneficiaries**</u>. A Beneficiary who is the holder of a Class 4 General Unsecured Claim shall receive on a Distribution Date its Pro Rata share of Available Cash, less that portion of Available Cash distributable to holders of Class 3 Unsecured WARN Act Claims, based on such Beneficiary's Class 4 Beneficial Interest, until such Beneficiary's Allowed Class 4 General Unsecured Claim is paid in full, all Trust Assets have been distributed or all Available Cash is exhausted.

   **8.3.3**  <u>**Distributions to Holders of Reserved Beneficial Interests**</u>. No Distributions shall be made to holders of a Reserved Beneficial Interest. To the extent a Reserved Beneficial Interest is removed from the reserve on the Trust Register in accordance with Section 7.3 and becomes a Beneficial Interest, any Cash in the Disputed Claims Reserve relating to such Beneficial Interest shall become Available Cash and shall be released and distributed to such Beneficiary on the next Distribution Date. To the extent a Reserved Beneficial Interest is reallocated among the remaining Beneficial Interests in accordance with Sections 7.3 and 8.2.4, any Cash in the Disputed Claims Reserve relating to such Reserved Beneficial Interest shall become Available Cash and shall be released and distributed on the next Distribution Date to the holders of such remaining Beneficial Interests. Distributions, if any, to holders of Reserved Beneficial Interests shall be made on the next Distribution Date following removal of the Reserved Beneficial Interest from the reserve on the Trust Register.

   **8.4**  <u>**Place and Manner of Payments or Distributions**</u>. The Liquidating Trustee or any disbursing agent designated by the Liquidating Trustee shall make Distributions to the Beneficiaries of record as of the Distribution Record Date by mailing such Distribution to the Beneficiary at the address of such Beneficiary as listed in the Schedules of Assets and Liabilities, or any proof of claim filed by the Beneficiary, or as listed in the Trust Register, or at such other address as such Beneficiary shall have specified for payment purposes in a written notice to the Liquidating Trustee and the Registrar at least thirty (30) days before such Distribution Record Date. The Liquidating Trustee or any disbursing agent designated by the Liquidating Trustee shall distribute any Cash by wire, check, or such other method as the Liquidating Trustee deems appropriate under the circumstances. Prior to receiving any Distributions, all Beneficiaries, at the Liquidating Trustee's request, must provide to the Liquidating Trustee written notification of their respective Federal Tax Identification Numbers or Social Security Numbers and shall execute any and all documents required by the Liquidating Trustee in connection with Distributions, including, without limitation, Form W-9's and any similar documents. The Liquidating Trustee shall bear no liability in the event a Beneficiary fails to provide the Liquidating Trustee with the information and documents described in this subsection.

   **8.5**  <u>**Minimum Distributions**</u>. Notwithstanding any other provision of this Trust Agreement or the Plan to the contrary, there will be no Distributions of Available Cash unless the aggregate amount to be distributed on such date is at least $100,000.00 (other than in connection with a final Distribution and payments to be made from any Administrative Expense

Reserve or from the Priority/Secured Claim Reserve). To the extent a Distribution to a particular Beneficiary is less than $100.00, the Liquidating Trustee may hold such Distribution until the Final Distribution or until the aggregate of Distributions to such Beneficiary exceeds $100.00.

**8.6** **Unclaimed or Undeliverable Distributions**. In the event (i) a Beneficiary fails to provide to the Liquidating Trustee its Federal Tax Identification Number or Social Security Number within forty-five (45) days after the date of the Liquidating Trustee's written request, (ii) a check issued to a Beneficiary remains uncashed for sixty (60) days after its issuance date, or (iii) a Distribution is returned as undeliverable, then the Distribution and any Claim related to such Beneficiary shall be deemed waived, such Beneficiary shall no longer be entitled to receive Distributions, and such unclaimed or undeliverable Distribution shall be distributed on the next Distribution Date to the holders of Beneficial Interests as if such Distribution were Available Cash or, on the Final Distribution Date, and at the Liquidating Trustee's discretion, deposited with the Bankruptcy Court.

**8.7** **Tax Matters**.

**8.7.1** **Certain Income Tax Matters**. The Trust established pursuant to this Trust Agreement is established for the purpose of satisfying claims by liquidating the Trust Assets transferred to it and the Trust shall have no objective of continuing or engaging in any trade or business except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust. The purpose of the Trust is to provide a mechanism for the liquidation of the Trust Assets of the Debtor, and to distribute the proceeds of the liquidation, net of all claims, expenses, charges, liabilities, and obligations of the Trust, to the holders of Beneficial Interests in accordance with the terms of the Plan. No business activities will be conducted by the Trust other than those associated with or related to the liquidation of the Trust Assets. It is intended that the Trust be classified for federal income tax purposes as a "liquidating trust" within the meaning of section 301.7701-4(d) of the Treasury Regulations. All parties hereto shall treat the transfers in trust described herein as transfers to the Beneficiaries for all purposes of the Internal Revenue Code of 1986, as amended (including, sections 61, 483, 1001, 1012, and 1274). All the parties hereto shall treat the transfers in trust as if all the transferred assets, including all the Trust Assets, had been first transferred to the Beneficiaries and then transferred by the Beneficiaries to the Trust. The Beneficiaries shall be treated for all purposes of the Internal Revenue Code of 1986, as amended, as the grantors of the Trust and the owners of the Trust. The Liquidating Trustee shall file returns for the Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a) or (b). The parties hereto, including the Liquidating Trustee and the Beneficiaries shall value the property transferred to the Trust consistently and such valuations shall be used for all federal income tax purposes. The Beneficiaries (except to the extent a Beneficiary is the Internal Revenue Service) shall be responsible for payment of any taxes due with respect to the operations of the Trust. During its existence, the Trust shall not receive or retain cash or cash equivalents in excess of a reasonable amount necessary to satisfy Claims and contingent liabilities (including Disputed Claims) or to maintain the value of its assets during liquidation. The Liquidating Trustee shall use its continuing commercially reasonable efforts to dispose of the Trust Assets, make timely distributions, and shall not unduly prolong the duration of the Trust. The Liquidating Trustee is authorized to take any action as may be necessary or appropriate to minimize any potential tax liability of the Trust and, thereafter, the Beneficiaries arising out of the operations of the Trust. The Liquidating Trustee is

directed to allocate all costs, charges, expenses and deductions, or any of them in whole or in part, to income or principal at such time and in such a manner as the Liquidating Trustee shall determine will reduce or eliminate the Trust's taxes, if any. The Liquidating Trustee shall file in a timely manner all such tax returns as are required by applicable law by virtue of the existence and operations of the Trust. The Trust shall distribute, at least annually, all Trust income and gain, Cash (whether or not allocable to income or principal, including all capital gains allocable to principal), any other property the Liquidating Trustee in its discretion determines is properly distributable (whether out of income or principal), and liquidation proceeds to the Beneficiaries, after payment of expenses and liabilities, less the Trust Reserves and reasonably necessary reserves for expenses and other Trust Costs. In addition, the Liquidating Trustee shall, not less often than annually, provide to Beneficiaries such information as is appropriate or necessary, to enable the Beneficiaries to determine their respective tax obligations, if any, arising out of the operations of the Trust. The Beneficiaries (except to the extent the Internal Revenue Service is a Beneficiary) shall each report their share of the net income of the Trust as reported to them by the Liquidating Trustee and pay any tax owing thereon on a current basis. All income of the Trust, including amounts retained in a Disputed Claims Reserve, will be taxed either to the Beneficiaries (except to the extent the Internal Revenue Service is a Beneficiary) or to the Trust (in the case of amounts allocated to a Disputed Claims Reserve) each taxable year. No Beneficiary shall have any claim to or with respect to any specific property held in trust and shall have no claim to or for a distribution of property in kind.

      **8.7.2**   <u>**Treatment of Trust Assets for Tax Purposes**</u>. The value of the Trust Assets shall be consistently reported for federal income tax purposes by Debtor, the Trust, and the Beneficiaries.

      **8.7.3**   <u>**Withholding**</u>. The Liquidating Trustee may withhold from the amount distributable from the Trust at any time to any Person (except with respect to the Internal Revenue Service) such sum or sums as may be sufficient to pay any tax or taxes or other charge or charges that have been or may be imposed on such Person or upon the Trust with respect to the amount distributable or to be distributed under the income tax laws of the United States or of any state or political subdivision or entity by reason of any Distribution provided for in this Article 8, whenever such withholding is determined by the Liquidating Trustee in its discretion to be required by any law, regulation, rule, ruling, directive or other governmental requirement, and the Liquidating Trustee, in the exercise of its discretion and judgment, may enter into agreements with taxing or other authorities for the payment of such amounts as may be withheld in accordance with the provisions of this Section 8.7.3. Notwithstanding the foregoing but without prejudice to the Liquidating Trustee's rights hereunder, such Person shall have the right with respect to the United States, or any state, or any political subdivision of either, to contest the imposition of any tax or other charge by reason of any Distribution hereunder.

      **8.7.4**   <u>**Tax Reporting**</u>. To the extent that any Beneficiary may be able to use the installment method of reporting income with respect to an Distribution, the Liquidating Trustee will annually compile and disseminate to Beneficiaries who request such information all available tax return information with respect to interest (stated or unstated) and otherwise necessary or useful in reporting under the installment method.

**8.7.5** **Interest**. In the Liquidating Trustee's discretion, interest received with respect to principal distributed pursuant to this Trust Agreement shall be distributed along with the underlying principal.

**8.7.6** **Allocation of Income and Losses**. Unless otherwise determined by the Liquidating Trustee in its reasonable discretion, allocations between Beneficiaries of taxable income of the Trust for each of its tax years shall be determined by reference to the manner in which an amount of Cash equal to the amount of such taxable income would be distributed (without regard to any restrictions on Distributions described in the Plan) if, immediately before such deemed Distribution, the Trust had distributed all its other assets (valued for this purpose at their tax book value) in respect of the Beneficial Interests (treating the Disputed Claims Reserve for this purpose as Beneficiaries entitled to Distributions), taking into account all prior and concurrent Distributions from the Trust made in accordance with the Plan. Similarly, taxable loss generally will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating Distribution of the remaining assets of the Trust. The tax book value of assets for purpose of Articles 8 and 9 of this Trust Agreement means their fair-market value on the Effective Date or, if later, the date on which such assets were acquired by the Trust, adjusted in either case in accordance with applicable tax accounting principles. Taxes payable in respect of taxable income of the Trust allocated to the Disputed Claims Reserve shall be paid as a Trust Cost. With regard to transfers of Beneficial Interests in accordance with Section 7.6 hereof the Liquidating Trustee shall promptly establish a standard convention for allocating and apportioning taxable income and loss between a transferor and its transferee and shall not be required to so allocate and apportion based on the actual Trust activities prior and subsequent to the date of any transfer. The Liquidating Trustee shall notify the Beneficiaries of the convention adopted promptly after such adoption. The Liquidating Trustee shall use its sole discretion to establish a fair and equitable convention to apply and may, but is not required to, adopt a monthly, quarterly, or similar Distribution Record Date convention.

**8.8** **Fractional Cents.** Other provision of the Plan to the contrary notwithstanding, no payment of fractions of cents will be made. Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding down of such fraction to the nearest whole cent.

**8.9** **Payments of Less than Twenty-Five Dollars.** If a cash payment otherwise provided for by the Plan with respect to an Allowed Claim would be less than Twenty-Five ($25.00) dollars (whether in the aggregate or on any payment date provided in the Plan), notwithstanding any contrary provision of the Plan, the Liquidating Trustee shall not be required to make such payment and such funds shall be otherwise distributed to holders of Allowed Claims win accordance with Section 5 of the Plan.

**8.10** **Setoffs.** Except as otherwise provided for in the Plan, with respect to Claims released by the Debtor and its estate pursuant to the Plan and the Confirmation Order, the Liquidating Trustee may, but shall not be required to, set off against any Claim and the payments to be made pursuant to the Plan in respect of such Claim, claims of any nature whatsoever the Debtor or its estate may have against the Creditor, but neither the failure to do so nor the allowance of a Claim hereunder shall constitute a waiver or release by the Debtor or its estate of any Claim it may have against the Creditor.

**8.11** **Other reserves.** Notwithstanding anything to the contrary contained in this Trust Agreement, the Liquidating Trustee may at any time establish such additional Trust Reserves, in consultation with the Oversight Committee, as he deems reasonably necessary to effectuate the provisions and intent of the Plan and this Trust Agreement.

**ARTICLE 9**
**TERMINATION**

The Trust shall terminate upon the earlier of (i) the date which is five (5) years after the date this Trust is created, or (ii) the distribution of all Trust Assets. Notwithstanding the foregoing, with Bankruptcy Court approval, the Liquidating Trustee may extend the term of the Trust for one or more finite terms based upon the particular facts and circumstances at that time, if it is in the best interest of the Beneficiaries and an extension is necessary to the liquidating purpose of the Trust. If permitted under applicable law and not contrary to the classification of the Trust as a liquidating trust and a pass-through entity under applicable income tax law, and if in the best interests of the Beneficiaries, the Liquidating Trustee may distribute interests in the Trust Assets or distribute the Trust Assets to another Person and then distribute interests in such Person to the Beneficiaries. Trust Assets to be distributed in kind shall be valued by the Liquidating Trustee in its reasonable discretion at their tax book value. After all liabilities of the Trust have been satisfied or duly provided for, such remaining Trust Assets shall be distributed to Beneficiaries as a final Distribution. The Trust may not be terminated at any time by the Beneficiaries.

**ARTICLE 10**
**MISCELLANEOUS**

**10.1** **Notices**. Any notice required to be given by this Trust Agreement to all Beneficiaries shall be in writing and shall be sent by first class mail, or in the case of mailing to a non-United States address, air mail, postage prepaid. All other notices, requests or other communications required or permitted to be made in accordance with this Trust Agreement shall be in writing and shall be delivered by U.S. certified mail, return receipt requested, to:

(a)     If to the Liquidating Trustee:

Turnaround Advisors, L.L.C.
11320 Dixie Glen Drive, Suite 213
Charlotte, NC 28277
Attention: John Fioretti

(b)     If to General Counsel to the Trust and the Liquidating Trustee:

Cohen Tauber Spievack & Wagner, P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Attention: Joseph M. Vann, Esq.
                    Robert Boghosian, Esq.

DRAFT

(c)      if to any Beneficiary in such Beneficiary's capacity as a Beneficiary, at such Beneficiary's address as listed in the Trust Register or as identified in a written request for notice delivered to the Liquidating Trustee.

(d)      If to the Oversight Committee:

The IMS Company
2929 E. Imperial Highway, Suite 170
Brea, CA 92821
Attention: Jim Snover

Servisair
151 Northpoint Drive
Houston, TX 77060
Attention: Randy Davies

Pan Am International Flight Academy
Miami International Airport
P.O. Box 660920
Miami, FL 33266
Attention: Eric Freeman

Sourcespeed
420 Wolfe Street
Alexandria, VA 22314
Attention: Steve Kiroff

Notice mailed shall be effective three (3) business days from date of such mailing.   All other notices shall be effective on the date of delivery. Any Person may change the address at which it is to receive notices under this Trust Agreement by furnishing written notice pursuant to the provisions of this Section 10.1 to the entity to be charged with knowledge of such change.

**10.2      Amendment**. Material amendments to this Trust Agreement require Bankruptcy Court approval after notice to the Oversight Committee and Beneficiaries. This Trust Agreement may be amended by the Liquidating Trustee without Bankruptcy Court approval to correct typographical errors or if such amendment is not material and does not adversely affect the interests of any Beneficiary, but such amendment shall not be effective until forty-five (45) days after the Oversight Committee shall have been given notice of such amendment. The Liquidating Trustee shall consult with the Oversight Committee before making any non-material amendment and before seeking Bankruptcy Court approval of any material amendment.

**10.3      Counterparts**. This Trust Agreement may be executed in one or more counterparts, all of which shall taken together to constitute one and the same instrument.

**10.4      Governing Law; Severability**. This Trust Agreement shall be governed by construed under and interpreted in accordance with the laws of the State of New York. If a court of competent jurisdiction determines that any provision of this Trust Agreement is invalid or

unenforceable under such applicable law, such invalidity or unenforceability shall not invalidate the entire Trust Agreement. In that case, this Trust Agreement shall be construed so as to limit any term or provision so as to make it enforceable or valid within the requirements of applicable law, and, if such term or provision cannot be so limited, this Trust Agreement shall be construed to omit such invalid or unenforceable provisions, provided that such construction, to the maximum extent possible, shall give effect to the purposes of the Plan.

      **10.5**    **Headings**. Sections, subheadings and other headings used in this Trust Agreement are for convenience only and shall not affect the construction of this Trust Agreement.

      **10.6**    **Relationship to Plan**. The Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and shall be bound by the terms of the Plan. In the event of a conflict between the Plan (excluding this Trust Agreement) and this Trust Agreement, the Plan shall govern.

      **10.7**    **Consent to Jurisdiction**. Each of the parties hereto (and each Beneficiary by its acceptance of the benefits of the Trust created hereunder) (i) consents and submits to the jurisdiction of the Courts of the State of New York and of the Courts of the United States for the Southern District of New York for all purposes of this Trust Agreement, including, without limitation, any action or proceeding instituted for the enforcement of any right, remedy, obligation, or liability arising under or by reason hereof.

      **10.8**    **Waiver of Jury Trial**. ANY AND ALL RIGHT TO TRIAL BY JURY IS HEREBY WAIVED, AND THERE SHALL BE NO RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS TRUST AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

      **10.9** **References to Oversight Committee**. If the Oversight Committee no longer exists at any time during the terms of this Trust, then the Liquidating Trustee shall take all actions under this Trust Agreement without regard to requirements that it meet with, consult with, or seek approval from the Oversight Committee.

IN WITNESS WHEREOF, the parties hereto have executed this Trust Agreement or have caused this Trust Agreement to be duly executed by duly authorized officers as of the day and year first above written.

**LIQUIDATING TRUSTEE**

By: _____

Print: John Fioretti

**EOS AIRLINES, INC., as debtor and debtor-in-possession**

By: _____

Print: Caralyn Galletta

Title: Chief Responsible Officer