**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X
In re:                                                  :   Chapter 11
                                                        :
EOS AIRLINES, INC.                                      :   Case No. 08-22581 (RDD)
                                                        :
               Reorganized Debtor.        :
------------------------------------------------------- X

## ORDER PURSUANT TO FED. R. BANKR. P. 9019 APPROVING SETTLEMENT AMONG THE LIQUIDATING TRUSTEE AND MEDIACOM

Turnaround Advisors, L.L.C., (the "Liquidating Trustee") as Trustee of the Eos Airlines, Inc. Liquidating Trust (the "Liquidating Trust"), by and through its counsel, Cohen Tauber Spievack & Wagner P.C., having filed a motion on June 30, 2011(the "Motion"), seeking the entry of an Order approving the Settlement Agreement (the "Settlement Agreement") among the Liquidating Trustee and Mediacom Worldwide, Inc. ("Mediacom," and along with the Liquidating Trustee the "Parties") that resolves an avoidance action commenced by the Liquidating Trustee, Adversary Proceeding No. 10-08273-SHL (the "Litigation"); and no objections to the Motion having been filed; and the matter having been heard before this Court on July 25, 2011 at 10 a.m.; and it appearing, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Liquidating Trustee's proposed settlement of the Litigation, as set forth in the Settlement Agreement, is fair and reasonable and in the best interest of the Liquidating Trust; and sufficient cause having been shown; and no additional notice appearing necessary or required;

NOW, THEREFORE, upon the Motion and pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and other applicable law, it is hereby:

{00115624.DOC; 1}                         1

1. ORDERED that, the Settlement Agreement is approved in all respects; and it is further

2. ORDERED that upon this Order becoming final and non-appealable and the payment by Mediacom of the Settlement Sum (as defined in the Settlement Agreement), the Liquidating Trustee shall cause Adversary Proceeding No. **10−08273−SHL** before this Court to be dismissed with prejudice.

Dated: New York, New York
      **July 29, 2011**

      **/s/ Sean H. Lane**
      United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X
In re:                                               :   Chapter 11
                                                     :
EOS AIRLINES, INC.                                   :   Case No. 08-22581 (RDD)
                                                     :
              Reorganized Debtor.                    :
---------------------------------------------------- X
TURNAROUND ADVISORS, LLC, AS                         :
LIQUIDATING TRUSTEE OF THE                           :
EOS AIRLINES LIQUIDATING TRUST                       :   Adv. Pro. No.: 10-08273 (SHL)
                                                     :
              Plaintiff,                             :
                                                     :
              -against-                              :
                                                     :
MEDIACOM WORLDWIDE INC.                              :
                                                     :
              Defendant.                             :
---------------------------------------------------- X

## SETTLEMENT AGREEMENT

This settlement agreement (the "*Settlement Agreement*") by and between Turnaround Advisors, LLC as the Liquidating Trustee (the "*Liquidating Trustee*") of The EOS Airlines Liquidating Trust (the "*Liquidating Trust*") and Mediacom Worldwide Inc. (the "*Defendant*") sets forth the terms upon which the Liquidating Trustee and the Defendant (together, the "*Parties*") have agreed to settle their dispute.

## RECITALS

**WHEREAS**, on April 26, 2008 (the "*Petition Date*"), EOS Airlines, Inc. (the "*Debtor*") commenced with the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*") a voluntary case (the "*Chapter 11 Case*") under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*"); and

**WHEREAS**, on or about December 18, 2008, the Debtors filed the *Joint Chapter 11*

*Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors Dated December 18, 2008* (the "*Plan*") which, *inter alia*, provided that post-Effective Date (defined below), the Liquidating Trustee to be appointed pursuant to the plan was authorized to institute, prosecute, collect, compromise and/or settle, without Bankruptcy Court approval, all causes of actions under Chapter 5 of the Bankruptcy Code ("*Chapter 5 Claims*"); and

**WHEREAS**, on January 28, 2009, the Bankruptcy Court entered an order confirming the Plan (the "*Confirmation Order*") and pursuant to the terms thereof, the Liquidating *Trust Agreement for the EOS Airlines, Inc. Liquidating Trust* (the "*Trust Agreement*") was executed that same day by and between Turnaround Advisors, LLC and EOS Airlines, Inc., appointing Turnaround Advisors as Liquidating Trustee, thereby creating the Liquidating Trust; and

**WHEREAS**, on February 18, 2009 (the "*Effective Date*"), the Plan became effective; and

**WHEREAS**, pursuant to the Plan and Trust Agreement, the Liquidating Trustee is authorized to compromise and/or settle any Chapter 5 Claims, subject to the terms of the Order on Motion of Liquidating Trustee for Entry of an Order Establishing Settlement Procedures (the "Procedures Order") (Docket No. 662); and

**WHEREAS**, The Defendant denies liability and asserts various defenses; and

**WHEREAS**, in order to avoid the costs and risks of litigation, the Parties have determined to resolve their disputes on the terms and subject to the conditions set forth in this Settlement Agreement; and

**NOW, THEREFORE**, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference.
2. In full and final settlement and satisfaction of the Claims, within 10

business days after this Agreement is approved by Final Order of the Bankruptcy Court (as defined in Paragraph 4), the Defendant will tender the sum of $33,000 (the "*Settlement Sum*") to the Trustee. The Settlement Sum shall be paid by wire transfer, wired to:

> Bank of America
> 901 Main St., Dallas, TX 75202
> ABA/Routing #: ███████
> Account #: ███████
> Name of Account: EOS Airlines, Inc. Liquidating Trust

In the alternative, a check may be sent to the following address, made payable to the "EOS Airlines, Inc. Liquidating Trust," provided that the check must be actually received within 10 business days after this Agreement is fully executed:

> EOS Airlines, Inc. Liquidating Trust
> PO Box 193
> Franklin Lakes, NJ 07417

3. In the event that: (a) the Defendant defaults on the payment of the Settlement Sum as set forth in this Settlement Agreement, or (b) the payment delivered is not good funds, the Liquidating Trustee shall give written notice of the default(s) (the "*Default Notice*") to the Defendant's counsel, by email. If the Defendant has not completely cured any such default(s) within five (5) business days of the date of the Default Notice (the "*Default Cure Period*"), the Liquidating Trustee shall be entitled to payment in the amount of $33,000.00, less any settlement payments which have been delivered in good funds to the Liquidating Trustee, and the Liquidating Trustee shall be entitled to judgment in this amount. Nothing contained herein shall be deemed a waiver of the rights of the Liquidating Trustee to execute upon the judgments and recover assets to and for the benefit of the Trust.

4. For the purposes of this Agreement, a "Final Order" means an order of the Bankruptcy Court that has not been reversed, stayed, modified, or amended, and as to which no

appeal or petition for review, rehearing, or certiorari has been timely filed or is pending and as to which the time to appeal or to seek review, rehearing, reconsideration, or certiorari has expired. This agreement shall be effective only if it is approved by Final Order of the Bankruptcy Court.

5.  Upon the Court's entry of a Final Order approving this Settlement Agreement, the Defendant hereby (a) releases, acquits and discharges the Debtors, the Liquidating Trust, the Liquidating Trustee (including its principals and agents), the Oversight Committee (as defined in the Trust Agreement), their respective retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, (b) releases, waives and agrees to the expunging of any claims filed by, or scheduled on behalf of, the Defendant, , including all claims filed by, or scheduled on behalf of, the Defendant, in the Chapter 11 Case, with the exception of that certain claim designated as Claim No. 62 on the register of Claims maintained by the Trustee or its agents, which shall be allowed as a general unsecured claim in the amount of $330,808.00, and (c) waives any right to file a claim against the Debtors' estate relating to the Settlement Sum pursuant to 11 U.S.C. § 502(h); *provided, however*, that nothing contained herein shall be deemed to release any obligations the Liquidating Trustee has under this Settlement Agreement.

6.  Upon the Court's entry of a Final Order approving this Settlement Agreement, conditional upon the Liquidating Trustee's receipt of the Settlement Sum in good funds and a fully executed copy of this Settlement Agreement, the Liquidating Trustee, on behalf of itself, the Oversight Committee, the Liquidating Trust, and the Debtors' estate, hereby releases, acquits and discharges the Defendant and its successors and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising out of or related to the Chapter 5 Claims; *provided, however*, that nothing

contained herein shall be deemed to release any obligations the Defendant has under this Settlement Agreement.

7. The Liquidating Trustee shall file a notice of dismissal closing the Adversary Proceeding without costs and with prejudice within ten (10) days of the entry the Final Order.

8. If the Bankruptcy Court does not enter a Final Order as set forth above, (a) the Settlement Agreement shall be deemed null and; (b) the Defendant shall not be deemed to have waived any right or to have settled any controversy between the Parties that existed before the execution of the Settlement Agreement; (c) the Liquidating Trustee shall not be deemed to have waived any right or to have settled any controversy between the Parties that existed before the execution of the Settlement Agreement; (d) the Defendant and the Liquidating Trustee shall be restored to their respective positions immediately before execution of this Settlement Agreement; (e) neither this Settlement Agreement nor any exhibit, document, or instrument delivered hereunder, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement, shall be (i) deemed to be or construed as an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, or (ii) referred to or used in any manner or for any purpose in any subsequent proceeding or in any other action in any court or in any other proceeding; and (f) all negotiations, proceedings, and statements made in connection with the negotiation of this Settlement Agreement (i) shall be without prejudice to any person or party herein, (ii) shall not be deemed as or construed to be an admission by any party herein of any act, matter, proposition, or merit or lack of merit of any claim or defense, and (iii) shall not be offered in evidence in this or any other action or proceeding, except in connection with this Settlement Agreement or the enforcement thereof.

9. The Parties acknowledge that this Settlement Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

10. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party, to bind his or her respective client or clients to the terms and conditions of this Settlement Agreement and to act with respect to the rights and claims that are being altered or otherwise affected by this Settlement Agreement.

11. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

12. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Settlement Agreement.

13. The Parties agree that each Party has reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

14. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the

Parties.

15. Neither this Settlement Agreement nor any other instrument or document referred to herein or therein may be changed, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

16. The headings used herein are for convenience only and do not constitute matters to be considered in interpreting this Settlement Agreement.

17. Should any immaterial provision of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

18. This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

19. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

20. This Settlement Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

Dated: February ___, 2011

New York, New York

Trustee:	EOS Airlines, Inc. Liquidating Trust

By: Turnaround Advisors, LLC, Trustee

By: _____
John Fioretti, its Managing Member

Dated: 4/7/11

Defendant:	Mediacom Worldwide Inc.

By: _____

Its: Mark Piazza, its CFO

Dated: 3/15/11

{00100491.DOC; 2}	-8-